**UNITED STATES DISTRICT COURT—NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELLUSIONIST CASH BALANCE PLAN AND TRUST, UYEN HUHYN, SOUTHWEST INVESTMENTS FUNDS, LLC, AVR GROUP, LLC, TRIDENT ASSET MANAGEMENT, INC., PHOENIX AFFORDABLE HOUSING AUTHORITY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY SPIEGEL, RYAN SPIEGEL, SAC ADVISORY GROUP, LLC, and SPIEGEL ACCOUNTANCY CORP.<br><br>Defendants. | CASE NO. 3:23-cv-00287-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.    Jurisdiction & Service**

The Parties agree no additional parties remain to be served.

**Plaintiffs' Position:** This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to Section 29(b) and of the Securities Exchange Act of 1934 ("Securities Act"). Plaintiffs' Operative Complaint is ECF No. 32. This Court ordered the parties to "submit a Rule 26(f) Report on or before May 31, 2023." (ECF. No. 39).

**Defendants' Position:** The Amended Complaint, like the original Complaint, fails to adequately allege that this Court has subject matter jurisdiction. Defendants reserve all rights.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 2.    Facts

**Plaintiffs' Position:** Defendants served as the de facto placement agents or brokers for a Los Angeles Ponzi Schemer, Zachary Horwitz ("Horwitz"). Defendants, as de facto brokers, and were the gatekeepers of all relevant information. Plaintiffs collectively invested over $17,000,000 based on Defendants' representations. Defendants received commissions for the investments they obtained on behalf of the Ponzi Scheme. Defendants did not bother to do their own independent due diligence prior to selling the investments at issue to Plaintiffs. Plaintiffs have alleged violation of the Securities Act and numerous other claims related to the Ponzi Scheme. Plaintiffs intend to depose Horwitz, who is in federal prison until October 11, 2038. Fed. R. Civ. P. 30(a)(2)(B) requires leave of Court to obtain Horwitz's deposition and, if leave is granted, coordination with the relevant officials and counsels will be necessary to take his deposition. As alleged in Plaintiffs' First Amended Complaint (ECF. No. 32 at ¶¶ 26-27, 79-83), Horwitz's testimony is relevant to the claims at issue in this case.

  **Defendants' Position:**  The Amended Complaint, like the original Complaint,  fails to adequately allege how the Defendants are liable for the Plaintiffs' alleged damages.  Defendants reserve all rights.

## 3.    Legal Issues

**Plaintiffs' Position:** Defendants violation of the Securities Act entitles Plaintiffs to void the contracts which violate the Securities Act. Moreover, the other claims made by Plaintiffs inculpate the remaining Defendants in the conduct of furthering the Ponzi Scheme. Defendants have not filed their Answer to the Complaint yet. Plaintiffs anticipate further disputed points of law to be identified in by Defendants' Answer.

**Defendants' Position:** Defendants dispute that they are liable for the Plaintiffs' alleged damages under any legal theory. In particular, Defendants made no representations to the Plaintiffs, each of whom are accredited investors and waived all claims. Moreover, Defendants were never required to register as "brokers" or "dealers" under federal securities laws. Defendants reserve all rights.

**4.**     **Motions**

**Plaintiffs' Position:** Plaintiffs anticipate significant motion practice regarding the scope of discovery in this case.

**Defendants' Position**: The Amended Complaint, like the original Complaint, fails to adequately allege that this Court has subject matter jurisdiction and fails to adequately allege claims against the Defendants. For these reasons, among others, Defendants have filed a Motion to Dismiss which will be heard on July 6, 2023.  Defendants reserve all rights.

**5.**     **Amendment of Pleadings**

**Plaintiffs' Position:** Plaintiffs filed their amended complaint on April 26, 2023. (ECF. No. 32). At this time, Plaintiffs do not anticipate filing further amendments.

 **Defendants' Position:** Defendants' Motion to Dismiss will be heard on July 6, 2023.  Defendants reserve all rights.

**6.**     **Evidence Preservation**

**Plaintiffs' Position:** Plaintiffs' Counsel has reviewed the ESI Guidelines and conferred regarding Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**Defendants' Position:** See Plaintiffs' Position.

**7.**     **Disclosures**

**Plaintiffs' Position:** Initial Disclosures have not been made yet. Plaintiffs intend to make Initial disclosures no later than June 16, 2023.

**Defendants' Position:** Defendants do not intend to make Initial Disclosures until after the case is at issue.

8.     **Discovery**

**Plaintiffs' Position:** No discovery has been taken to date. There are no current discovery disputes. Plaintiffs anticipate taking discovery regarding the representations made by Defendants and the basis for said representations. Plaintiffs anticipate issuing subpoenas to obtain relevant documents including a subpoena for deposition to Zachary Horwitz who is incarcerated.

**Defendants' Position:** If the matter goes forward, Defendants anticipate taking each Plaintiff's deposition, and propounding Requests for Production of Documents and Special Interrogatories upon each Plaintiff. Defendants reserve all rights.

9.     **Class Actions**

**Plaintiffs' Position:** Not Applicable.

**Defendants' Position:** See Plaintiffs' Position.

10.     **Related Cases**

**Plaintiffs' Position:**

1.  United States v. Horwitz (2:21-cr-00214) District Court, C.D. California
2.  Securities and Exchange Commission v. Zachary J. Horwitz (2:21-cv-02927) District Court, C.D. California ("1inMM Receivership Case")
3.  Carter v. Spiegel (3:21-cv-03990) District Court, N.D. California
4.  SAC Advisory Group, LLC v. Nanya (3:22-cv-04327) District Court, N.D. California
5.  Multiple arbitration actions against Defendants pending before American Arbitration Association.

**Defendants' Position:** See Plaintiffs' Position.

11.     **Relief**

**Plaintiffs' Position:** Should liability be established, Plaintiffs intend to seek over $6,322,950 in damages. The basis for the damages is the amount invested by Plaintiffs and unreturned by

Defendants. Additional damages will be sought which cannot be calculated until discovery has taken place.

**Defendants' Position:** If the matter goes forward, Defendants anticipate seeking their attorney's fees and costs pursuant to the prevailing party attorney's fees provision in the subject Profit Sharing Agreements. Defendants reserve all rights.

## 12.    <u>Settlement and ADR</u>

**Plaintiffs' Position:** Plaintiffs agree to mediate.

**Defendants' Position:** Defendants will mediate with the Plaintiffs.

## 13.    <u>Other References</u>

**Plaintiffs' Position:** Plaintiffs do not believe this case is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**Defendants' Position:** See Plaintiffs' Position.

## 14.    <u>Narrowing of Issues</u>

**Plaintiffs' Position:** The issues cannot be narrowed at this time. Upon conclusion of discovery, Plaintiffs intend to file a Motion for Summary Judgment. Plaintiffs oppose bifurcation.

**Defendants' Position:** If the matter goes forward, Defendants anticipate filing a Motion for Summary Judgment. Defendants reserve all rights.

## 15.    <u>Expedited Trial Procedure</u>

**Plaintiffs' Position:** Plaintiffs do not agree that this can be handled under the Expedited Trial Procedure of General Order 64

**Defendants' Position:** See Plaintiffs' Position.

## 16.    <u>Scheduling</u>

**Plaintiffs' Position:** Plaintiffs propose the following schedule:

| Last Day to Amend Pleadings | June 16, 2023 |
|---|---|
| Fact Discovery Cut-Off | December 1, 2023 |
| Expert Disclosures | December 8, 2023 |
| Expert Rebuttal | January 5, 2024 |
| Expert Discovery Cut-Off | February 2, 2024 |
| Deadline for Private Mediation | February 16, 2024 |
| Deadline to file dispositive motions | March 1, 2024 |
| Pre-Trial Conference | The parties request that the Court schedule a date for Pre-Trial Conference, if necessary, upon resolution of dispositive motions. |
| Jury Trial (2 weeks) | The parties request that the Court schedule a date for Trial, if necessary, upon resolution of dispositive motions. |

**Defendants' Position:** If the matter should go forward, see Plaintiffs' Position.

## 17.    Trial

Plaintiffs' have made a demand for Jury Trial.

## 18.    Disclosure of Non-party Interested Entities or Persons

**Plaintiffs' Position:** Plaintiffs have filed their Certification of Interested Entities or Persons pursuant to L.R. 3-15. (ECF. No. 27). Plaintiffs restate the following pursuant to the rule requiring that "each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.":

| Name | Interest |
|---|---|
| Joseph McNulty | Owner of (1) AVR Group, LLC, and (2) Trident Asset Management, Inc. |
| Brad Christian | Owner of Ellusionist Cash Balance Plan and Trust |

| Shahriyar Zomorrodi | Owner of (1) Phoenix Affordable Housing Authority, LLC, and (2) Southwest Investment Funds, LLC. |
| --- | --- |

**Defendants' Position:** Defendants will file a Certification of Interested Entities or Persons.

## 19.  Professional Conduct

**Plaintiffs' Position:** Plaintiffs' Counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**Defendants' Position:** Defendants' counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 20.  Other

**Plaintiffs' Position:** At the March 30, 2023 hearing, Defendants were represented by Patrick Baldwin and Christopher Mader. (ECF. No. 26). Plaintiffs' Counsel has repeatedly requested that Patrick Baldwin file an appearance in this case pursuant to L.R. 5-1(c).

**Defendants' Position:**

Dated: May 31, 2023                    /s/ Ross M. Good
                                       _____
                                       Counsel for Plaintiffs
                                       LOFTUS & EISENBERG, LTD.
                                       ALEXANDER N. LOFTUS, ESQ. (admitted *pro
                                       hac vice*)
                                       ROSS M. GOOD, ESQ. (admitted *pro hac vice*)
                                       161 N. Clark, Suite 1600
                                       Chicago, Illinois 60601
                                       T: (312) 772-5396
                                       alex@loftusandeisenberg.com
                                       ross@loftusandeisenberg.com

                                       ARON LAW FIRM
                                       WILLIAM ARON, ESQ. (#234408)
                                       15 W Carrillo St, Suite 217
                                       Santa Barbara, California 93101
                                       T: (805) 618-1768
                                       bill@aronlawfirm.com


Dated: May 31, 2023                    /s/ Christopher Mader
                                       _____
                                       Counsel for Defendants
                                       Christopher Mader (199605)
                                       Patrick Baldwin (93337)
                                       Baldwin Mader Law Group
                                       516 N. Sepulveda Blvd.
                                       Manhattan Beach, CA 90266
                                       (310) 363-2031


## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved

as the Case Management Order for this case and all parties shall comply with its provisions. [In

addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

 Dated:
                                       _____
                                       UNITED STATES DISTRICT/MAGISTRATE JUDGE