1   PATRICK BALDWIN, ESQ. (SBN 93337)
    CHRISTOPHER MADER, ESQ. (SBN 199605)
2   BALDWIN MADER LAW GROUP
3   516 North Sepulveda Boulevard
    Manhattan Beach, CA 90266
4   Phone: (310) 363-2031
5   *Attorneys for Defendants Spiegel Accountancy Corporation, Jeffrey Spiegel, Ryan Spiegel and SAC Advisory Group, LLC*

6

7

8                    **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ELLUSIONIST CASH BALANCE          **CASE NO. 23-cv-00287-AMO**
    PLAN AND TRUST, UYEN HUHYN,
12  SOUTHWEST INVESTMENTS FUNDS,      **DECLARATION OF CHRISTOPHER**
13  LLC, AVR GROUP, LLC, TRIDENT      **MADER, ESQ. IN SUPPORT OF**
    ASSET MANAGEMENT, INC. and        **DEFENDANTS' MOTION TO DISMISS**
14  PHOENIX AFFORDABLE HOUSING        **FIRST AMENDED COMPLAINT**
15  AUTHORITY, LLC,

16      Plaintiffs,                   Date:        August 17, 2023
                                      Time:        2:00 p.m.
17      v.                            Courtroom:   4
                                      Judge:       Hon. Araceli Martinez-Olguin
18  SPIEGEL ACCOUNTANCY CORP.,
19  JEFFREY SPIEGEL, RYAN SPIEGEL     Action Filed: January 19, 2023
    and SAC ADVISORY GROUP, LLC,      Trial Date:   Not Set
20
21      Defendants.

22
            I, CHRISTOPHER MADER, ESQ., declare:
23
24          1.      I am an attorney and represent Defendants Spiegel Accountancy Corporation,

25  Jeffrey Spiegel, Ryan Spiegel and SAC Advisory Group, LLC in this action.  I am licensed to

26  practice in all California State Courts and the United States District Court, Northern, Central,

27  Southern and Eastern Districts of California.  I am familiar with the facts in this matter and make

28  this Declaration in Support of the Defendants' Motion to Dismiss First Amended Complaint.

2.     Attached hereto as **Exhibit A** is a true and correct copy of the transcript of the March 30, 2023 hearing held by the Hon. Vince Chhabria on the Defendants' Motion to Dismiss the Plaintiffs' original Complaint.

3.     During the March 30, 2023 hearing on the Defendants' Motion to Dismiss the Plaintiffs' original Complaint, the Hon. Vince Chhabria stated the following in relevant portion:

> "THE COURT:  Which may be another reason why you should've immediately said, okay, I need to go back and redo this complaint, rather than wasting everybody's time and money by pressing ahead on this." **Exhibit A** , P. 6, L. 22-25
>
> . . .
>
> "THE COURT:  But I'm just talking about why you've wasted everybody's – I'm trying to figure out why you've wasted everybody's time.  I mean, it almost – I mean, it seems borderline sanctionable for you to, like, press ahead with this version of the complaint as opposed to saying, oops, our bad.  You didn't do – now, in my opposition brief, I'm offering you all these theories and arguing that you shouldn't dismiss the complaint based on this theory and that theory when this theory and that theory are not even  in the complaint in the first place.  It's a total – I mean, that's – you're wasting everybody's time and money."  **Exhibit A** , P. 20, L. 8-20.
>
> . . .
>
> "THE COURT:  Granted.  But I'm telling you that if you take such a blasé attitude towards your allegations in the next version of the complaint and, you know, you press ahead despite obvious problems in the complaint, you're going to get sanctioned." **Exhibit A** , P. 21, L. 5-9.
>
> . . .

"THE COURT:  But if you – I don't know why you want to be in federal court so badly, but if you want to be in federal court, you have to know how to plead a claim in federal court, and it's more difficult than in state court."  **Exhibit A**, P. 21, L. 19-23.

. . .

"THE COURT:  And this has just been a waste of everybody's time frankly."  **Exhibit A**, P. 21, L. 25-P. 22, L. 1.

. . .

"THE COURT:  I want to urge you to, you know, really give careful thought to whether it – you have a federal claim to state here.  Maybe you do, but I – you know, I want to give you – I want to urge you to give careful thought to that.  You know, as I said, it seems like you're not – you know, it seems like, you know, if the underlying factual allegations you've made are true, you've got a number of claims against them, and it's just a – you know, it's a question of whether it's – you have a federal one.  Maybe you do, but you need to think much more carefully about that before you file your next complaint."  **Exhibit A**, P. 22, L. 10-19.

These facts are within my personal knowledge and if called as a witness I can competently testify thereto. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed by me, at Manhattan Beach, California, this 26th day of June, 2023.

CHRISTOPHER MADER, ESQ.

# Exhibit A

**In the Matter Of:**

ELLUSIONIST CASH vs SPIEGEL ACCOUNTANCY

---

**HEARING**

*March 30, 2023*

---



800.211.DEPO (3376)
EsquireSolutions.com

1        UNITED STATES DISTRICT COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3

4   ELLUSIONIST CASH BALANCE
    PLAN AND TRUST, UYEN HUHYEN,
5   SOUTHWEST INVESTMENT FUNDS,
    LLC, AVR GROUP, LLC, TRIDENT ASSET
6   MANAGEMENT, INC., and PHOENIX
    AFFORDABLE HOUSING AUTHORITY,
7   LLC,
              Plaintiffs,
8   V.

9   SPIEGEL ACCOUNTANCY CORP.,
    JEFFREY SPIEGEL, RYAN SPIEGEL
10  and SAC ADVISORY GROUP, LLC,

11            Defendants.

12

13

14      TRANSCRIPTION OF HEARING PROCEEDINGS

15        MARCH 30, 2023

16

17

18

19

20

21

22

23

24

25



1          THE CLERK:  Now calling civil case 23-287

2    Ellusionist Cash Balance Plan and Trust, et al. versus

3    Spiegel Accountancy Corp., et al.

4          Counsel, please state your appearances for the

5    record starting with the plaintiff.

6          MR. LOFTUS:  Alex Loftus for the plaintiff.

7          MR. GOOD:  Ross Good for the plaintiffs.

8          MR. MADER:  All right.  Good afternoon, Your

9    Honor.  Chris Mader on behalf of the defendants and

10   moving parties.

11         MR. BALDWIN:  Good afternoon, Your Honor.

12   Patrick Baldwin for the defendants.

13         THE COURT:  Hi.  Okay.  So let me -- let me

14   start with the plaintiffs.  This is one of those cases

15   a lot of times what happens around here, right, is the

16   plaintiffs file a complaint and the defendants file a

17   motion to dismiss, and the plaintiffs look at it and

18   they're like, oh, my God, we really need to fix

19   some -- you know, there are some real deficiencies in

20   our complaint.  We need to fix it.  And they

21   immediately, like, go back and get to work on fixing

22   the deficiencies, and then they file an amended

23   complaint.

24         I'm struggling to understand why you did not

25   do that in this case.  It seems, you know -- I mean,



 1  obviously we can, you know, have a discussion about

 2  whether you've adequately alleged private placements.

 3  We can have a discussion about whether you've

 4  adequately alleged that they were acting as a

 5  broker-dealer, but at a minimum, like, surely you

 6  would acknowledge that you could have done a much

 7  better job of addressing that in your complaint.  And

 8  I'm just curious why you wasted a bunch of people's

 9  time and money by sort of going through the process of

10  litigating this motion to dismiss as opposed to just

11  going back and doing a better job in your complaint.

12        MR. LOFTUS:  It's hard to plead a clean

13  complaint about a messy situation.  That's the bulk of

14  it.

15        THE COURT:  Yeah.  But that's not a -- that's

16  a nonanswer, because it -- yes, it's a messy

17  situation, and yes, it may be hard to plead a clean

18  complaint about a messy situation, but it's not hard

19  to do a better job of pleading that this was not a

20  private placement, and it's not hard to do a better

21  job of pleading that they were acting as brokers,

22  broker-dealers.

23        And, you know, once again, once you get the

24  motion to dismiss sort of shining a light on, you

25  know, some areas where you could have done a much



 1  better job, I just don't -- I don't understand why you

 2  didn't make the decision that plaintiffs' lawyers

 3  often make, which is, oh, gee, we need to do a much

 4  better job.  We think we can plead this, we think we

 5  can do it, and -- but we just need to do a better job.

 6        MR. LOFTUS:  I'm sorry.  I think that we would

 7  have kept the case going just fine with the 29(a)

 8  violation.  I see the problems with the -- and going

 9  in this Court with the 29(a) issue, and that was

10  sufficient to maintain the jurisdictional hook and

11  while there were problems evident with the 12(a)

12  claim, and I appreciate that, and it could be done a

13  bit better --

14        THE COURT:  When you say 29(a) issue, you're

15  talking about the dec relief?

16        MR. LOFTUS:  Yes.  So that would -- that was

17  sufficient to keep us in the door.  And the, you know,

18  federal claims are -- provide the jurisdiction, but

19  there are plenty of other claims that had value that

20  were well plead.  So that was -- that was the logical

21  choice here was that that was sufficient to get us

22  past go and keep moving forward with the case.

23        You know, certainly the -- you know, we can

24  plead additional facts to support the 12(a) claim, and

25  we can plead additional facts to support the recision



1  claim, the declaratory claim, but what was there was

2  sufficient to state a claim and maintain jurisdiction

3  and proceed forward with the case.

4          What was presented in the initial motion to

5  dismiss versus what was presented in the reply are two

6  different things and the reply was tremendously done.

7  And if some of those arguments were made in the

8  initial motion, then it's likely to be a little

9  different in how we'd approach it.  What came in the

10  initial motion was, you know, what --

11          THE COURT:  Hold on a minute.  I mean, one

12  thing that came in the initial motion was they haven't

13  adequately plead private placement, and another thing

14  that came in the initial motion was they haven't

15  adequately plead brokers dealers.  And then I think,

16  unless I'm forgetting something, that -- between those

17  two things, the federal claims are gone, right?

18  Remind me --

19          MR. LOFTUS:  Not entirely.

20          THE COURT:  Or am I misremembering something?

21          MR. LOFTUS:  The section 29 claim is broader,

22  and then that was illuminated further in the

23  response --

24          THE COURT:  Okay.  And that claim again is

25  what?



1    MR. LOFTUS:  There's violate -- the agreement

2   itself violates securities loss is the way we're

3   arguing about it.  What's plead is that --

4        THE COURT:  Can you show me where that is in

5   the complaint?

6        MR. LOFTUS:  It is not in the complaint.  So

7   what is plead -- what is plead in the complaint is the

8   agreement violate -- they violated those rules, then

9   that's illuminated further.  What was plead in the

10  complaint is the -- it appears that what they were

11  trying to do was Regulation D offering because it

12  doesn't fit the other exemptions.  So what we plead

13  was that they failed to comply with the rules with

14  that, and then we plead that they were not registered

15  as broker-dealers when they were acting as brokers.

16       Some of the inherent confusion in what is

17  being argued in -- against it and what's plead is what

18  the security is --

19       THE COURT:  Right.  Which is also something

20  that you don't really make clear in your complaint.

21       MR. LOFTUS:  Yeah.  What's plead --

22       THE COURT:  Which may be another reason why

23  you should've immediately said, okay, I need to go

24  back and redo this complaint, rather than wasting

25  everybody's time and money by pressing a head on this.



 1   Because I'm not -- I have to assess the complaint.

 2   When deciding whether to dismiss, grant the motion to

 3   dismiss, I have to look at the complaint, not what you

 4   say in your opposition or some theory you're

 5   articulating that's not contained in the complaint.

 6           MR. LOFTUS:  I understand.  What's plead in

 7   the complaint is that, you know, a criminal Ponzi

 8   schemer is issuing securities and that in order to

 9   issue those securities, he needs people to sell them

10   and then people to buy those securities.  And in

11   consideration of their assistance in this, you know,

12   offering of the Ponzi scam securities, they made a

13   bunch of money.  It seems remarkably simple and didn't

14   appear to need as much as meat as --

15           THE COURT:  You mean your allegation -- in

16   other words, on the issue of what the securities are,

17   you're saying it's clear from the allegations in your

18   complaint that the securities are the investment that

19   the Ponzi scheme was offering?  The promissory note

20   that the Ponzi scheme was offering, that's what you're

21   alleging in the complaint that the --

22           MR. LOFTUS:  Yes --

23           THE COURT:  Okay.  And just to make sure --

24           MR. LOFTUS:  It's evidently not clear

25   because --



 1          THE COURT:  Well, just to make sure I

 2   understand that, can you show me -- can we go to the

 3   complaint and you can show me where you explain that?

 4          MR. LOFTUS:  The whole discussion about their

 5   participation in the scheme is they're acting as

 6   brokers --

 7          THE COURT:  Show me -- let's go to the

 8   language where the language that I could look at to

 9   conclude that the security that you've identified is

10   the promissory note that the Ponzi scheme is offering.

11          MR. LOFTUS:  Sorry.

12          THE COURT:  It's okay.

13          MR. LOFTUS:  The answer's many paragraphs come

14   close as describing it, you know, them as the

15   placement agents for the security --

16          THE COURT:  Okay.

17          MR. LOFTUS:  -- and trading to the portion

18   where they explain the fee earned on it.

19          THE COURT:  So, in other words, your -- what

20   you're saying is that what your complaint alleges is

21   that the Ponzi scheme is basically soliciting money in

22   exchange for promissory notes, and the promissory

23   notes are the securities?

24       A.  Yes, and then --

25       Q.  And then -- and I'll buy that.  This is sort



1  of my natural reading of your complaint, and then I

2  got confused when I was reading the papers.  And then

3  the -- so then the question is does the arrangement

4  that is set forth in the -- one of the questions is

5  does the arrangement that is set forth in the profit

6  sharing agreement, you know, is that an arrangement

7  between a broker and a purchaser of securities?

8          MR. LOFTUS:  Yes, and that's kind of the core

9  of the case is that you have people that are not

10 brokers by trade acting like brokers and this profit

11 sharing agreement -- so investor comes in with money

12 to invest in a thing.  Broker takes the money and

13 places it in the thing and then money returned, and

14 that's the gist of the setup here.

15          THE COURT:  But is it the gist of the setup?

16 I mean, I couldn't quite tell, again, from the papers

17 in the profit sharing agreement itself whether that

18 was the gist of the setup.  I mean --

19          MR. LOFTUS:  The profit sharing agreement is,

20 you know, investor pays money to SAC.  SAC -- SAC

21 advisory group is SAC.  SAC invests in or it's a

22 promissory note and does the promissory note forwards.

23 In consideration of facilitating that transaction, SAC

24 earns a fee.

25          THE COURT:  Where does it say fee in the



 1  | profit sharing agreement?

 2  |         MR. LOFTUS:  They call it profit sharing or

 3  | carried interest or whatever.  The carried interest

 4  | argument -- so in the reply they note there's two SEC

 5  | letters.  I know that they cite two.  Both of those

 6  | explain a situation where carried interest is -- it's

 7  | not something that requires registration.  It's not a

 8  | commission, and it's because, you know, there -- the

 9  | argument in the reply is that because the broker

10  | person, the investment advisor, whatever he may be, is

11  | along for the ride.

12  |         THE COURT:  Right.

13  |         MR. LOFTUS:  The --

14  |         THE COURT:  That's sort of the vibe you get.

15  | It's hard to tell, but that's sort of the vibe you get

16  | from the profit sharing agreement, is that the -- is

17  | that SAC is along for the ride.

18  |         MR. LOFTUS:  Exactly.  But the problem is that

19  | the two SEC letters that are cited are both very

20  | unique situations where the key fact the SEC found in

21  | both of those letters was that the broker person -- I

22  | don't know what to call them.  The broker person

23  | didn't hold the money.  It was in a custodian, and

24  | that was one big fact.  The other fact was that the

25  | broker person was an accredited investment advisor, so

 1   they already were subject to regulation.

 2           So those two key things and then the fact that

 3   there's no case, you know, anywhere citing to these

 4   letters or interpreting this further, so that makes

 5   that all distinguishable.  And that's -- it could be

 6   an interesting question to further litigate on that,

 7   but as it stands right now, there's no law that says

 8   that someone in this situation can avoid the federal

 9   regulations because they're receiving it as a, you

10   know, shared carried interest just to use Defendants'

11   term.

12           THE COURT:  But, I mean, the, you know -- to

13   the extent that there is, you know, I don't know.  I

14   mean, it seems like the test is, you know -- it's not

15   like a hard fast test necessarily for considering

16   whether -- for determining whether someone is a

17   broker, but, for example, the idea that the broker

18   received commissions from the sale of securities,

19   right?  So it's the concept of SAC receiving

20   commission from the sale of these promissory notes, it

21   seems like the concept doesn't map on -- the concept

22   of receiving commissions doesn't quite map onto what

23   was going on here as far as I can tell.  But can you

24   show me where in the complaint it shows --

25           MR. LOFTUS:  So what is plead is -- so



 1  generally, you know, a hundred dollars is invested --

 2          THE COURT:  Show me the -- you know, as you're

 3  explaining it to me, I'd like to be looking at the

 4  language of the complaint that's --

 5          MR. LOFTUS:  Around about paragraph 51 I

 6  think.

 7          THE COURT:  Okay.  All right.  Go ahead.

 8          MR. LOFTUS:  My Acrobat is not behaving.

 9  Sorry.  Paragraph 61, top of page 10.  So it explains

10  the set up, and I -- the argument is that when the

11  money is returned, the money received is paid

12  commission.

13          THE COURT:  Okay.  But where does it say that?

14          MR. LOFTUS:  In paragraph 64, it explains the

15  interest that was paid, that the (indiscernible)

16  interest paid by one in a million --

17          THE COURT:  Right.

18          MR. LOFTUS:  -- the spread received by SAC is

19  the commission.

20          THE COURT:  Okay.  And it says a tidy 14 to 24

21  percent commission quote unquote.

22          MR. LOFTUS:  Yes.

23          THE COURT:  So what am I to do with that?  I

24  mean, that -- when I read that sentence, I -- my

25  immediate reaction is, oh, well, it must not really be



 1   a commission because it's 14 to 24 percent and they

 2   use scare quotes around the word commission.  So I

 3   don't -- you know, and how does this map onto the test

 4   for a broker-dealer and whether -- you know, whether a

 5   broker is receiving commission for, you know, the

 6   purchase of a security?

 7           MR. LOFTUS:  Well, ultimately, for every

 8   transaction they make, they're receiving between 14

 9   and 24 percent profit when the investment returns.

10           THE COURT:  Is that commission?

11           MR. LOFTUS:  That's my --

12           THE COURT:  I mean, commission is usually -- I

13   mean, when I think of commission, I think of, you

14   know, I -- you know, I buy something, and the person

15   who facilitates the transaction gets sort of 2 percent

16   of it or something like that.  And when I read

17   paragraph 65, it seems like you're describing -- you

18   seem to be describing something different.  I mean, I

19   can't really tell exactly what you're describing, but

20   it seems different, and then I read the profit sharing

21   agreement and it also makes it seem different.

22           MR. LOFTUS:  Ultimately, I mean, it's a --

23   it's an interesting question.  I've been applying this

24   argument elsewhere successfully.  Unfortunately, I

25   don't have an opinion to rely on for it.



1          Ultimately, whether it's 2 percent at the time

2     the money goes in or 12 percent at the time the money

3     goes out, they're being paid for their services and

4     facilitating a transaction.

5          THE COURT:  I don't know.  I mean, it seems to

6     me like it's -- I mean, it seems to me like it's maybe

7     a joint investment.  I don't know.  I mean, I can't --

8     again, I can't tell.  The point is you've got to

9     articulate it clearly in your complaint, right?  And I

10    just don't know.  I mean, is there anything else other

11    than paragraph 65 that I can look at to sort of have

12    a -- get a clearer understanding of whether this

13    arrangement constitutes the receipt -- it involves the

14    receipt of a commission by SAC?

15         MR. LOFTUS:  Well, it's not going to get

16    anything beyond that point of, you know, when the

17    transaction occurs, they receive money when it is

18    fulfilled, and that's what it is.

19         THE COURT:  Right.  But that could be -- there

20    could be like a joint investment, right?  So like,

21    we're going to go in together and purchase a bunch of

22    securities, and then we're going to share the profits

23    that we make.  Presumably that wouldn't be a

24    commission.  I mean, I -- again, I don't know.  I'm

25    not an expert in this area of -- it doesn't sound like

 1 | a commission.

 2 |        MR. LOFTUS:  If they're putting -- it depends

 3 | on whether or not they're putting money in.  It sounds

 4 | a lot like a commission if they --

 5 |        THE COURT:  Are they putting money in?  I

 6 | couldn't quite even tell from the complaint whether

 7 | they're -- whether SAC is putting money -- putting its

 8 | own money in or just...

 9 |        MR. LOFTUS:  In these specific notes alleged

10 | in the complaint, my understanding is that SAC is not

11 | any money in with these.  Whether they are separate --

12 |        THE COURT:  Okay.  You're not telling me

13 | what's in the complaint, but you're telling me what's

14 | in your understanding?

15 |        MR. LOFTUS:  I'm telling you that in the

16 | complaint, it is not plead that they put no money in,

17 | and in the complaint it's not plead they did put money

18 | in.  Is there's -- it's silent --

19 |        THE COURT:  Would that matter?  I mean, it

20 | seems like that could matter in terms of figuring out

21 | whether something's a commission.  Again, I don't

22 | know, but it's also unclear from the complaint and the

23 | briefs.

24 |        MR. LOFTUS:  It is a helpful fact regardless.

25 |        THE COURT:  You mean, it would be a helpful



1   fact if they didn't put their money in -- their own

2   money in?

3           MR. LOFTUS:  Whether they did or did not, it

4   would be a helpful fact for understanding the

5   situation regardless of, you know, the legal

6   definition of a commission.  It would be a helpful

7   fact that's not there.

8           THE COURT:  Okay.

9           MR. LOFTUS:  I appreciate --

10          THE COURT:  I mean...

11          MR. LOFTUS:  I mean, ultimately, this is an

12  interesting situation where, you know, as based on the

13  12(b)(6) motion, 12(b)(1) motion, as I understood it,

14  and whether -- these are all very much affirmative

15  matters that require additional affirmative facts to

16  point out, and it seemed like -- and then all the case

17  law on these issues are summary judgment issues, so

18  it's terribly fact intensive.  It presented to me as

19  if this was an issue that we have the prima facie and

20  we would move forward, and these would be summary

21  judgment issues.

22          THE COURT:  But, I mean, going back to the --

23  going back to the private placement thing, I mean,

24  don't you think that your complaint -- like, if

25  anything suggests that these are private placements?



1          MR. LOFTUS:  Defendants are trying to do a

2    correctly set up private placement.  That was the --

3    that seems to be the intent and what things were set

4    up to be.  They were acting like brokers that do

5    private placements, and that's -- the allegations is,

6    you know, to that effect --

7          THE COURT:  So are you saying that your

8    12(a)(2) claim should be dismissed with prejudice?

9          MR. LOFTUS:  No, not because they were trying

10   to be -- trying to do a private placement.  They

11   weren't successful.  Ultimately, you have a large

12   investor group and people with no real personal

13   connection investing it.

14          THE COURT:  So it seems to me that you, you

15   know -- you are going to be able to state a claim

16   against these defendants.  I don't know whether you're

17   going to be able to do it in federal court.  You know,

18   I don't know whether you're going to be able to state

19   it a securities claims.  It seems to me that you're

20   going to be able to state a claim against these

21   defendants, whether in state court or federal court,

22   but I just don't understand why you've put us through

23   all of this, given the -- I mean, doesn't this

24   discussion show you that there's, like -- there's a

25   lot missing from your complaint that you need to



 1  explain?

 2          MR. LOFTUS:  I appreciate -- the 12(a)(2)

 3  claim has some problems, and I saw the problems.  I

 4  acknowledge that.  The -- ultimately, the issue is,

 5  you know, whether this is something, you know,

 6  involving a federal -- enforcement of federal

 7  securities loss, and that's the trigger for

 8  jurisdiction.  It's not -- it doesn't state a claim

 9  under 12(a)(2).  It's whether this is a claim, you

10  know, in the enforcement of federal securities loss,

11  and the whole of this is all about --

12          THE COURT:  Well, you need subject matter

13  jurisdiction, and you have to be able to state a claim

14  under federal law to have subject matter jurisdiction.

15          MR. LOFTUS:  Right.  Well, that's where the

16  Section 29 about the declaratory judgment kicks in.

17          THE COURT:  Because it's based on the

18  assertion that they're brokers -- broker-dealers,

19  right?

20          MR. LOFTUS:  Yes, for one.  And then if I

21  amended, then I would point out to seek the -- you

22  know, it's a bit, again, (indiscernible) to be in

23  federal court, but I could just allege, you know, the

24  declaratory judgment, you know, to avoid the

25  agreement.  And here the agreement is -- you know,



1   violates Section 29(a) for the --

2           THE COURT:  Right.  But you would need to --

3   as I understand your own theory, you would need to

4   show -- you would need to adequately allege that

5   they're broker-dealers, right?

6           MR. LOFTUS:  I don't think I need to.  I need

7   to allege that it's a security and it's the -- the

8   purchase and sale of security, not the --

9           THE COURT:  I thought you were alleging -- let

10  me go back to your complaint.

11          MR. LOFTUS:  I am alleging that they're

12  broker-dealers.  I'm saying that --

13          THE COURT:  I thought you were alleging that

14  that's why that they were acting as broker-dealers and

15  they didn't register and therefore we can avoid the

16  agreement.  I thought that's what you were --

17          MR. LOFTUS:  Oh, that's -- yes.  That is what

18  is plead.

19          THE COURT:  That's what you alleged in the

20  complaint, right?

21          MR. LOFTUS:  I was speaking down the path.  If

22  you were going to reach to the, you know, the easiest

23  possible hook and that would simply be the agreement

24  violates Section 29(a).

25          THE COURT:  On what -- on what basis?



1          MR. LOFTUS:  As half of my response brief goes

2    through why that agreement is unenforceable because it

3    violates that federal statute.

4          THE COURT:  But it's not in the complaint.

5          MR. LOFTUS:  Yes.  I thought we were talking

6    about if, you know -- whether or not to let me amend

7    and getting further down the path.

8          THE COURT:  But I'm just talking about why

9    you've wasted everybody's -- I'm trying to figure out

10   why you've wasted everybody's time.  I mean, it

11   almost -- I mean, it seems borderline sanctionable for

12   you to, like, press ahead with this version of the

13   complaint as opposed to saying, oops, our bad.  You

14   didn't do -- now, in my opposition brief, I'm offering

15   you all these theories and arguing that you shouldn't

16   dismiss the complaint based on this theory and that

17   theory when this theory and that theory are not even

18   in the complaint in the first place.

19          It's a total -- I mean, that's -- you're

20   wasting everybody's time and money.

21          MR. LOFTUS:  I disagree.  I mean, obviously

22   you've made up your mind on where this should go,

23   but --

24          THE COURT:  Do you want -- would you like an

25   opportunity to try to amend the complaint to do a



 1   better job?

 2          MR. LOFTUS:  Oh, yeah, sure.

 3          THE COURT:  Okay.  Granted.

 4          MR. LOFTUS:  Okay.

 5          THE COURT:  Granted.  But I'm telling you that

 6   if you take such a blase attitude towards your

 7   allegations in the next version of the complaint and,

 8   you know, you press ahead despite obvious problems in

 9   the complaint, you're going to get sanctioned.

10          MR. LOFTUS:  Okay.

11          THE COURT:  And like I said, I don't know

12   why -- I don't know, you know -- you know, why you

13   want to be in federal court so badly.  Like I said, it

14   seems like you're going to be able to state a claim.

15   The question is just whether you're going to be able

16   to pursue the loss -- state a claim under federal law

17   such that you can pursue the lawsuit in federal court.

18   I don't -- I don't know.

19          But if you -- I don't know why you want to be

20   in federal court so badly, but if you want to be in

21   federal court, you have to know how to plead a claim

22   in federal court, and it's more difficult than in

23   state court.

24          MR. LOFTUS:  Understood.

25          THE COURT:  And this has just been a waste of



1   everybody's time frankly.  So what -- how much -- how

2   long would you like to file an amended complaint?

3   Twenty-one days?

4            MR. LOFTUS:  Can I have 28?  I'm going away

5   next week.

6            THE COURT:  You can have 28, but I want to

7   urge you to, you know, really give careful thought to

8   whether it -- you have a federal claim to state here.

9   Maybe you do, but I -- you know, I want to give you --

10  I want to urge you to give careful thought to that.

11  You know, as I said, it seems like you're not -- you

12  know, it seems like, you know, if the underlying

13  factual allegations you've made are true, you've got a

14  number of claims against them, and it's just a -- you

15  know, it's a question of whether it's -- you have a

16  federal one.

17           Maybe you do, but you need to think much more

18  carefully about that before you file your next

19  complaint.

20           MR. LOFTUS:  Understood.

21           THE COURT:  Okay.  All right.  So the request

22  for leave to file an amended complaint is granted, and

23  the amended complaint is due 28 days from today.

24           And, by the way, I didn't focus on the in's

25  and out's of your, you know -- the state law claims,



1   but you also have an obligation -- if you do file an

2   amended complaint in federal court, you have an

3   obligation to look very carefully at whatever

4   arguments they make about your state law claims, and

5   if there are any genuine deficiencies in there, you

6   need to fix those too.

7           MR. LOFTUS:  Understood.

8           THE COURT:  I'm expecting that this is going

9   to be like your best -- you're going to be taking your

10  best shot in the next -- in the next version of the

11  complaint if you file one here.

12          MR. LOFTUS:  Understood.

13          THE COURT:  Okay.  Thank you.

14          MR. LOFTUS:  Thank you.

15          (End of audio transcript.)

16

17

18

19

20

21

22

23

24

25



```
 1                        CERTIFICATION

 2

 3          I, Lauren Fox, Certified Court Reporter, do

 4    certify that I was authorized to and did listen to and

 5    transcribe the foregoing recorded proceedings and that

 6    the transcript is a true record to the best of my

 7    ability.

 8

 9

10

11

12          Dated this 22nd day of June, 2023.

13

14

15

16
                             _____
17
                             LAUREN FOX, CCR
18                           Certified Court Reporter

19

20

21

22

23

24

25
```



**1**

**10**
  12:9
**12**
  14:2
**12(a)**
  4:11,24
**12(a)(2)**
  17:8
  18:2,9
**12(b)(1)**
  16:13
**12(b)(6)**
  16:13
**14**
  12:20
  13:1,8

**2**

**2**
  13:15
  14:1
**23-287**
  2:1
**24**
  12:20
  13:1,9
**28**
  22:4,6,23
**29**
  5:21
  18:16
**29(a)**
  4:7,9,14
  19:1,24

**5**

**51**
  12:5

**6**

**61**
  12:9
**64**
  12:14
**65**
  13:17
  14:11

**A**

**Accountancy**
  2:3
**accredited**
  10:25
**acknowledge**
  3:6 18:4
**Acrobat**
  12:8
**acting**
  3:4,21
  6:15 8:5
  9:10 17:4
  19:14
**additional**
  4:24,25
  16:15
**addressing**
  3:7
**adequately**
  3:2,4
  5:13,15
  19:4

**advisor**
  10:10,25
**advisory**
  9:21
**affirmative**
  16:14,15
**afternoon**
  2:8,11
**agents**
  8:15
**agreement**
  6:1,8
  9:6,11,
  17,19
  10:1,16
  13:21
  18:25
  19:16,23
  20:2
**ahead**
  12:7
  20:12
  21:8
**Alex**
  2:6
**allegation**
  7:15
**allegations**
  7:17 17:5
  21:7
  22:13
**allege**
  18:23
  19:4,7
**alleged**
  3:2,4
  15:9
  19:19
**alleges**
  8:20
**alleging**

**7:21
  19:9,11,
  13
**amend**
  20:6,25
**amended**
  2:22
  18:21
  22:2,22,
  23 23:2
**answer's**
  8:13
**appearances**
  2:4
**appears**
  6:10
**applying**
  13:23
**approach**
  5:9
**area**
  14:25
**areas**
  3:25
**argued**
  6:17
**arguing**
  6:3 20:15
**argument**
  10:4,9
  12:10
  13:24
**arguments**
  5:7 23:4
**arrangement**
  9:3,5,6
  14:13
**articulate**
  14:9

**articulating**
  7:5
**assertion**
  18:18
**assess**
  7:1
**assistance**
  7:11
**attitude**
  21:6
**audio**
  23:15
**avoid**
  11:8
  18:24
  19:15

**B**

**back**
  2:21 3:11
  6:24
  16:22,23
  19:10
**bad**
  20:13
**badly**
  21:13,20
**Balance**
  2:2
**Baldwin**
  2:11,12
**based**
  16:12
  18:17
  20:16
**basically**
  8:21
**basis**



19:25

**behalf**
2:9

**behaving**
12:8

**big**
10:24

**bit**
4:13
18:22

**blase**
21:6

**borderline**
20:11

**briefs**
15:23

**broader**
5:21

**broker**
9:7,12
10:9,21,
22,25
11:17
13:5

**broker-
dealer**
3:5 13:4

**broker-
dealers**
3:22 6:15
18:18
19:5,12,
14

**brokers**
3:21 5:15
6:15 8:6
9:10 17:4
18:18

**bulk**
3:13

**bunch**
3:8 7:13
14:21

**buy**
7:10 8:25
13:14

---

**C**

---

**call**
10:2,22

**calling**
2:1

**careful**
22:7,10

**carefully**
22:18
23:3

**carried**
10:3,6
11:10

**case**
2:1,25
4:7,22
5:3 9:9
11:3
16:16

**cases**
2:14

**Cash**
2:2

**choice**
4:21

**Chris**
2:9

**cite**
10:5

**cited**
10:19

**citing**

11:3

**civil**
2:1

**claim**
4:12,24
5:1,2,21,
24 17:8,
15,20
18:3,8,9,
13 21:14,
16,21
22:8

**claims**
4:18,19
5:17
17:19
22:14,25
23:4

**clean**
3:12,17

**clear**
6:20
7:17,24

**clearer**
14:12

**CLERK**
2:1

**close**
8:14

**commission**
10:8
11:20
12:12,19,
21 13:1,
2,5,10,
12,13
14:14,24
15:1,4,21
16:6

**commissions**
11:18,22

**complaint**
2:16,20,
23 3:7,
11,13,18
6:5,6,7,
10,20,24
7:1,3,5,
7,18,21
8:3,20
9:1 11:24
12:4 14:9
15:6,10,
13,16,17,
22 16:24
17:25
19:10,20
20:4,13,
16,18,25
21:7,9
22:2,19,
22,23
23:2,11

**comply**
6:13

**concept**
11:19,21

**conclude**
8:9

**confused**
9:2

**confusion**
6:16

**connection**
17:13

**considerati
on**
7:11 9:23

**constitutes**
14:13

**contained**
7:5

**core**

9:8

**Corp**
2:3

**correctly**
17:2

**Counsel**
2:4

**court**
2:13 3:15
4:9,14
5:11,20,
24 6:4,
19,22
7:15,23
8:1,7,12,
16,19
9:15,25
10:12,14
11:12
12:2,7,
13,17,20,
23 13:10,
12 14:5,
19 15:5,
12,19,25
16:8,10,
22 17:7,
14,17,21
18:12,17,
23 19:2,
9,13,19,
25 20:4,
8,24
21:3,5,
11,13,17,
20,21,22,
23,25
22:6,21
23:2,8,13

**criminal**
7:7

**curious**
3:8



custodian
   10:23

_____

**D**
_____

days
   22:3,23

dealers
   5:15

dec
   4:15

deciding
   7:2

decision
   4:2

declaratory
   5:1
   18:16,24

defendants
   2:9,12,16
   17:1,16,
   21

Defendants'
   11:10

deficiencies
   2:19,22
   23:5

definition
   16:6

depends
   15:2

describing
   8:14
   13:17,18,
   19

determining
   11:16

difficult
   21:22

disagree
   20:21

discussion
   3:1,3 8:4
   17:24

dismiss
   2:17
   3:10,24
   5:5 7:2,3
   20:16

dismissed
   17:8

distinguish
able
   11:5

dollars
   12:1

door
   4:17

due
   22:23

_____

**E**
_____

earned
   8:18

earns
   9:24

easiest
   19:22

effect
   17:6

Ellusionist
   2:2

end
   23:15

enforcement
   18:6,10

et al
   2:2,3

everybody's
   6:25
   20:9,10,
   20 22:1

evident
   4:11

evidently
   7:24

exchange
   8:22

exemptions
   6:12

expecting
   23:8

expert
   14:25

explain
   8:3,18
   10:6 18:1

explaining
   12:3

explains
   12:9,14

extent
   11:13

_____

**F**
_____

facie
   16:19

facilitates
   13:15

facilitatin
g
   9:23 14:4

fact
   10:20,24
   11:2
   15:24
   16:1,4,7,

18

facts
   4:24,25
   16:15

factual
   22:13

failed
   6:13

fast
   11:15

federal
   4:18 5:17
   11:8
   17:17,21
   18:6,10,
   14,23
   20:3
   21:13,16,
   17,20,21,
   22 22:8,
   16 23:2

fee
   8:18
   9:24,25

figure
   20:9

figuring
   15:20

file
   2:16,22
   22:2,18,
   22 23:1,
   11

fine
   4:7

fit
   6:12

fix
   2:18,20
   23:6

fixing

2:21

focus
   22:24

forgetting
   5:16

forward
   4:22 5:3
   16:20

forwards
   9:22

found
   10:20

frankly
   22:1

fulfilled
   14:18

_____

**G**
_____

gee
   4:3

generally
   12:1

genuine
   23:5

gist
   9:14,15,
   18

give
   22:7,9,10

God
   2:18

Good
   2:7,8,11

grant
   7:2

granted
   21:3,5
   22:22



group
 9:21
 17:12

—————————

**H**

half
 20:1

hard
 3:12,17,
 18,20
 10:15
 11:15

head
 6:25

helpful
 15:24,25
 16:4,6

hold
 5:11
 10:23

Honor
 2:9,11

hook
 4:10
 19:23

hundred
 12:1

—————————

**I**

idea
 11:17

identified
 8:9

illuminated
 5:22 6:9

immediately
 2:21 6:23

in's

 22:24

indiscernib
le
 12:15
 18:22

inherent
 6:16

initial
 5:4,8,10,
 12,14

intensive
 16:18

intent
 17:3

interest
 10:3,6
 11:10
 12:15,16

interesting
 11:6
 13:23
 16:12

interpretin
g
 11:4

invest
 9:12

invested
 12:1

investing
 17:13

investment
 7:18
 10:10,25
 13:9
 14:7,20

investor
 9:11,20
 17:12

invests

 9:21

involves
 14:13

involving
 18:6

issue
 4:9,14
 7:9,16
 16:19
 18:4

issues
 16:17,21

issuing
 7:8

—————————

**J**

job
 3:7,11,
 19,21
 4:1,4,5
 21:1

joint
 14:7,20

judgment
 16:17,21
 18:16,24

jurisdictio
n
 4:18 5:2
 18:8,13,
 14

jurisdictio
nal
 4:10

—————————

**K**

key
 10:20
 11:2

kicks
 18:16

kind
 9:8

—————————

**L**

language
 8:8 12:4

large
 17:11

law
 11:7
 16:17
 18:14
 21:16
 22:25
 23:4

lawsuit
 21:17

lawyers
 4:2

leave
 22:22

legal
 16:5

letters
 10:5,19,
 21 11:4

light
 3:24

litigate
 11:6

litigating
 3:10

Loftus
 2:6 3:12
 4:6,16
 5:19,21
 6:1,6,21

 7:6,22,24
 8:4,11,
 13,17
 9:8,19
 10:2,13,
 18 11:25
 12:5,8,
 14,18,22
 13:7,11,
 22 14:15
 15:2,9,
 15,24
 16:3,9,11
 17:1,9
 18:2,15,
 20 19:6,
 11,17,21
 20:1,5,21
 21:2,4,
 10,24
 22:4,20
 23:7,12,
 14

logical
 4:20

long
 22:2

loss
 6:2 18:7,
 10 21:16

lot
 2:15 15:4
 17:25

—————————

**M**

made
 5:7 7:12
 20:22
 22:13

Mader
 2:8,9

maintain



4:10 5:2

make
  4:2,3
  6:20 7:23
  8:1 13:8
  14:23
  23:4

makes
  11:4
  13:21

map
  11:21,22
  13:3

matter
  15:19,20
  18:12,14

matters
  16:15

meat
  7:14

messy
  3:13,16,
  18

million
  12:16

mind
  20:22

minimum
  3:5

minute
  5:11

misremembering
  5:20

missing
  17:25

money
  3:9 6:25
  7:13 8:21
  9:11,12,

13,20
10:23
12:11
14:2,17
15:3,5,7,
8,11,16,
17 16:1,2
20:20

motion
  2:17
  3:10,24
  5:4,8,10,
  12,14 7:2
  16:13

move
  16:20

moving
  2:10 4:22

—————

N

—————

natural
  9:1

necessarily
  11:15

nonanswer
  3:16

note
  7:19 8:10
  9:22 10:4

notes
  8:22,23
  11:20
  15:9

number
  22:14

—————

O

—————

obligation
  23:1,3

obvious
  21:8

occurs
  14:17

offering
  6:11
  7:12,19,
  20 8:10
  20:14

oops
  20:13

opinion
  13:25

opportunity
  20:25

opposed
  3:10
  20:13

opposition
  7:4 20:14

order
  7:8

out's
  22:25

—————

P

—————

paid
  12:11,15,
  16 14:3

papers
  9:2,16

paragraph
  12:5,9,14
  13:17
  14:11

paragraphs
  8:13

participation

8:5

parties
  2:10

past
  4:22

path
  19:21
  20:7

Patrick
  2:12

pays
  9:20

people
  7:9,10
  9:9 17:12

people's
  3:8

percent
  12:21
  13:1,9,15
  14:1,2

person
  10:10,21,
  22,25
  13:14

personal
  17:12

place
  20:18

placement
  3:20 5:13
  8:15
  16:23
  17:2,10

placements
  3:2 16:25
  17:5

places
  9:13

plaintiff

2:5,6

plaintiffs
  2:7,14,
  16,17

plaintiffs'
  4:2

Plan
  2:2

plead
  3:12,17
  4:4,20,
  24,25
  5:13,15
  6:3,7,9,
  12,14,17,
  21 7:6
  11:25
  15:16,17
  19:18
  21:21

pleading
  3:19,21

plenty
  4:19

point
  14:8,16
  16:16
  18:21

Ponzi
  7:7,12,
  19,20
  8:10,21

portion
  8:17

prejudice
  17:8

presented
  5:4,5
  16:18

press
  20:12



21:8

**pressing**
6:25

**prima**
16:19

**private**
3:2,20
5:13
16:23,25
17:2,5,10

**problem**
10:18

**problems**
4:8,11
18:3  21:8

**proceed**
5:3

**process**
3:9

**profit**
9:5,10,
17,19
10:1,2,16
13:9,20

**profits**
14:22

**promissory**
7:19
8:10,22
9:22
11:20

**provide**
4:18

**purchase**
13:6
14:21
19:8

**purchaser**
9:7

**pursue**

21:16,17

**put**
15:16,17
16:1
17:22

**putting**
15:2,3,5,
7

_____

Q

**question**
9:3  11:6
13:23
21:15
22:15

**questions**
9:4

**quote**
12:21

**quotes**
13:2

_____

R

**reach**
19:22

**reaction**
12:25

**read**
12:24
13:16,20

**reading**
9:1,2

**real**
2:19
17:12

**reason**
6:22

**receipt**

14:13,14

**receive**
14:17

**received**
11:18
12:11,18

**receiving**
11:9,19,
22  13:5,8

**recision**
4:25

**record**
2:5

**redo**
6:24

**register**
19:15

**registered**
6:14

**registratio
n**
10:7

**regulation**
6:11  11:1

**regulations**
11:9

**relief**
4:15

**rely**
13:25

**remarkably**
7:13

**Remind**
5:18

**reply**
5:5,6
10:4,9

**request**
22:21

**require**
16:15

**requires**
10:7

**response**
5:23  20:1

**returned**
9:13
12:11

**returns**
13:9

**ride**
10:11,17

**Ross**
2:7

**rules**
6:8,13

_____

S

**SAC**
9:20,21,
23  10:17
11:19
12:18
14:14
15:7,10

**sale**
11:18,20
19:8

**sanctionabl
e**
20:11

**sanctioned**
21:9

**scam**
7:12

**scare**
13:2

**scheme**

7:19,20
8:5,10,21

**schemer**
7:8

**SEC**
10:4,19,
20

**section**
5:21
18:16
19:1,24

**securities**
6:2  7:8,
9,10,12,
16,18
8:23  9:7
11:18
14:22
17:19
18:7,10

**security**
6:18  8:9,
15  13:6
19:7,8

**seek**
18:21

**sell**
7:9

**sentence**
12:24

**separate**
15:11

**services**
14:3

**set**
9:4,5
12:10
17:2,3

**setup**
9:14,15,
18



share
   14:22

shared
   11:10

sharing
   9:6,11,
   17,19
   10:1,2,16
   13:20

shining
   3:24

shot
   23:10

should've
   6:23

show
   6:4 8:2,
   3,7 11:24
   12:2
   17:24
   19:4

shows
   11:24

silent
   15:18

simple
   7:13

simply
   19:23

situation
   3:13,17,
   18 10:6
   11:8
   16:5,12

situations
   10:20

soliciting
   8:21

something's
   15:21

sort
   3:9,24
   8:25
   10:14,15
   13:15
   14:11

sound
   14:25

sounds
   15:3

speaking
   19:21

specific
   15:9

Spiegel
   2:3

spread
   12:18

stands
   11:7

start
   2:14

starting
   2:5

state
   2:4 5:2
   17:15,18,
   20,21
   18:8,13
   21:14,16,
   23 22:8,
   25 23:4

statute
   20:3

struggling
   2:24

subject
   11:1
   18:12,14

successful

17:11

successfully
   13:24

sufficient
   4:10,17,
   21 5:2

suggests
   16:25

summary
   16:17,20

support
   4:24,25

surely
   3:5

——————

T

takes
   9:12

taking
   23:9

talking
   4:15
   20:5,8

telling
   15:12,13,
   15 21:5

term
   11:11

terms
   15:20

terribly
   16:18

test
   11:14,15
   13:3

theories
   20:15

theory
   7:4 19:3
   20:16,17

thing
   5:12,13
   9:12,13
   16:23

things
   5:6,17
   11:2 17:3

thought
   19:9,13,
   16 20:5
   22:7,10

tidy
   12:20

time
   3:9 6:25
   14:1,2
   20:10,20
   22:1

times
   2:15

today
   22:23

top
   12:9

total
   20:19

trade
   9:10

trading
   8:17

transaction
   9:23
   13:8,15
   14:4,17

transcript
   23:15

tremendously
   5:6

trigger
   18:7

true
   22:13

Trust
   2:2

Twenty-one
   22:3

——————

U

ultimately
   13:7,22
   14:1
   16:11
   17:11
   18:4

unclear
   15:22

underlying
   22:12

understand
   2:24 4:1
   7:6 8:2
   17:22
   19:3

understanding
   14:12
   15:10,14
   16:4

understood
   16:13
   21:24
   22:20
   23:7,12

unenforceable



20:2

**unique**
  10:20

**unquote**
  12:21

**urge**
  22:7,10

———————————

V

———————————

**version**
  20:12
  21:7
  23:10

**versus**
  2:2  5:5

**vibe**
  10:14,15

**violate**
  6:1,8

**violated**
  6:8

**violates**
  6:2  19:1,
  24  20:3

**violation**
  4:8

———————————

W

———————————

**waste**
  21:25

**wasted**
  3:8  20:9,
  10

**wasting**
  6:24
  20:20

**week**
  22:5

**word**
  13:2

**words**
  7:16  8:19

**work**
  2:21

