PATRICK BALDWIN, ESQ. (SBN 93337)
CHRISTOPHER MADER, ESQ. (SBN 199605)
BALDWIN MADER LAW GROUP
516 North Sepulveda Boulevard
Manhattan Beach, CA 90266
Phone: (310) 363-2031
*Attorneys for Defendants Spiegel Accountancy Corporation, Jeffrey Spiegel, Ryan Spiegel and SAC Advisory Group, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ELLUSIONIST CASH BALANCE PLAN AND TRUST, UYEN HUHYN, SOUTHWEST INVESTMENTS FUNDS, LLC, AVR GROUP, LLC, TRIDENT ASSET MANAGEMENT, INC. and PHOENIX AFFORDABLE HOUSING AUTHORITY, LLC,

    Plaintiffs,

      v.

SPIEGEL ACCOUNTANCY CORPORATION, JEFFREY SPIEGEL, RYAN SPIEGEL and SAC ADVISORY GROUP, LLC,

    Defendants.

CASE NO. 23-cv-00287-AMO

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Date:        December 28, 2023
Time:        2:00 p.m.
Courtroom:   10
Judge:      Hon. Araceli Martínez-Olguín

Action Filed:  January 19, 2023
Trial Date:    Not Set

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on December 28, 2023 at 2:00 p.m. in Courtroom 10 of the above referenced Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Spiegel Accountancy Corporation, Jeffrey Spiegel, Ryan Spiegel and SAC Advisory Group, LLC (collectively, "Defendants"), will move the Court for an order dismissing the Second Amended Complaint of Plaintiffs Ellusionist Cash Balance Plan and Trust, Uyen Huhyn,

Southwest Investments Funds, LLC, AVR Group, LLC, Trident Asset Management, Inc. and Phoenix Affordable Housing Authority, LLC (collectively, "Plaintiffs").

Under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6), Defendants move to dismiss the Second Amended Complaint in its entirety because Plaintiffs have not alleged any facts establishing a cause of action for: (1) Violation of §12(a)(2) of the Securities Act of 1933; (2) Violation of §15 of the Securities Act of 1933; (3) Declaratory Judgment Pursuant to §29(b) of the Securities Exchange Act of 1934; (4) Violation of §10(b)(5) of the Securities Exchange Act of 1934; (5) Violation of California Corporations Code §25401; (6) Negligent Misrepresentation; (7) Accounting Malpractice; and, (8) Unjust Enrichment.

## ISSUES TO BE DECIDED

1.      Whether Plaintiffs' claims for Violation of §12(a)(2) of the Securities Act of 1933 and Violation of §15 of the Securities Act of 1933 must be dismissed under FRCP 12(b)(6) pursuant to U.S. Supreme Court precedent, *Gustafson v. Alloyd Co*., 115 S. Ct. 1061 (1995), holding that such claims are inapplicable to private placements.

2.      Whether Plaintiffs' claim for Declaratory Judgment Pursuant to §29(b) of the Securities Exchange Act of 1934 must be dismissed under FRCP 12(b)(6) because Plaintiffs fail to make a *prima facia* showing that Plaintiffs have a right to rescission.

3.      Whether Plaintiffs' claim for Violation of §10(b)(5) of the Securities Exchange Act of 1934 must be dismissed under the FRCP and the Private Securities Litigation Reform Act of 1995 ("PSLRA") because Plaintiffs have failed to allege with the requisite particularity any misstatement or omission for which there was a duty to disclose.

4.      Whether Plaintiffs' claim for Violation of §10(b)(5) of the Securities Exchange Act of 1934 must be dismissed under the FRCP and PSLRA because Plaintiff has failed to allege with the requisite particularity that any alleged misstatement – even if alleged – was material.

5.        Whether Plaintiffs' claim for Violation of §10(b)(5) of the Securities Exchange Act of 1934 must be dismissed under the FRCP and PSLRA because Plaintiff has failed to allege with the requisite particularity a strong inference of scienter that any alleged misstatement – even if alleged – was made with knowledge that the statement was false when made.

6.        Whether Plaintiffs' claim for Violation of §10(b)(5) of the Securities Exchange Act of 1934 must be dismissed under the FRCP and PSLRA because Plaintiff has failed to allege with the requisite particularity that any alleged misstatement – even if alleged – caused the Plaintiffs' alleged damages.

7.        Whether the entire FAC must be dismissed under FRCP 12(b)(1) because without federal securities law claims, the Court lacks subject matter jurisdiction over the remaining state law claims.

8.        Whether Plaintiffs' claims for Violation of California Corporations Code §25401 and Negligent Misrepresentation must be dismissed because Plaintiffs have failed to allege with the requisite particularity any misstatement or omission for which there was a duty to disclose.

9.        Whether Plaintiffs' claim for Accounting Malpractice must be dismissed under FRCP 12(b)(6) because Plaintiffs fail to make a *prima facia* showing that Defendant Spiegel Accountancy Corporation had any connection to the subject investments.

10.        Whether Plaintiffs' claim for Unjust Enrichment must be dismissed under FRCP 12(b)(6) because Plaintiffs have failed to allege sufficient facts to constitute a cause of action.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Christopher Mader, Esq., the Declaration of Jeffrey Spiegel and Request for Judicial Notice filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated:  September 12, 2023

BALDWIN MADER LAW GROUP

By: _____
Patrick Baldwin, Esq.
Christopher Mader, Esq.
*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION .......................................................................................................... 1

II.    FACTS .......................................................................................................................... 2

    A.   Plaintiffs are Accredited Investors Contractually Obligated
        to Conduct their Own Due Diligence ....................................................... 3

    B.   Plaintiffs and SAC Advisory Group, LLC Jointly Invested in 1inMM ... 4

III.   SUMMARY OF ARGUMENT ...................................................................................... 5

    A.   Section 12(a)(2) of The Securities Act of 1933 ...................................... 5

    B.   Section 15 of The Securities Act of 1933 ............................................... 5

    C.   Declaratory Judgment Under §29(b) of the Securities Exchange Act of 1934 ... 5

    D.   Section 10(b)5 of The Securities Exchange Act of 1934 ........................ 6

    E.   The State Law Fraud Claims – California Corporations Code §25401
        and Negligent Misrepresentation ............................................................ 8

    F.   Accounting Malpractice ........................................................................... 8

    G.   Unjust Enrichment ................................................................................... 8

IV.   LEGAL STANDARD ................................................................................................... 9

    A.   Motion to Dismiss Under FRCP 12(b)(6) .............................................. 9

    B.   Pleading Standards for Fraud Claims Under FRCP Rule 9(b) ................ 9

V.    ARGUMENT ............................................................................................................... 10

    A.   Plaintiffs' Cause of Action for Violation of §12(a)(2) of The Securities Act
        of 1933 Must be Dismissed for the Same Reasons it was Previously Dismissed ... 10

    B.   Plaintiffs' Cause of Action for Violation of §15 of The Securities Act of
        1933 Must be Dismissed for the Same Reasons it was Previously Dismissed ... 11

    C.   Plaintiffs' Cause of Action for Declaratory Judgment Under §29(b) of The
        1934 Act Must be Dismissed for the Same Reason it Was Previously Dismissed ... 11

    D.   Plaintiffs' Cause of Action for Violation of §10(b)5 of The 1934 Act
        Must be Dismissed for the Same Reason it Was Previously Dismissed ... 13

|  |  |  |  |
|---|---|---|---|
| | E. | The Court Lacks Subject Matter Jurisdiction | 19 |
| | F. | Plaintiffs' State Law Fraud Claims Must be Dismissed | 19 |
| | G. | Plaintiffs' Accounting Malpractice Claim Must Be Dismissed | 20 |
| | H. | Plaintiffs' Unjust Enrichment Claim Must Be Dismissed | 21 |
| | I. | Plaintiffs' Claims Fail as a Matter of Law – Plaintiffs Have Not Adequately Alleged Causation | 22 |
| VI. | | CONCLUSION | 22 |

1

**TABLE OF AUTHORITIES**

2

**Cases**                                                                                              **Page**

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868  (2009)                9, 15

4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2006)        9

5

*Berckeley Investment Group, Ltd. v. Colkitt*, 455 F.3d 195 (3rd Cir. 2009)        6, 12, 13

6

*Comwest, Inc. v. Am. Op. Servs., Inc.*, 765 F.Supp. 1467 (C.D.Cal. 1991)          6, 15

7

*Continental Airlines v. McDonnel Douglas*, 216 Cal.App.3d 388 (1989)              21

8

9

*Drulias v. Guthrie*, 2019 WL 13240415 (C.D. Cal. 2019)                          7, 12, 13

10

*Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)  7, 18, 19

11

*GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189 (3rd Cir. 2001)              12, 13

12

*Gustafson v. Alloyd Co.*, 115 S.Ct. 1061 (1995)                                  5, 10

13

*In re Brocade Com. Systems, Inc. Derivative Lit.*, 615 F.Supp.2d 1018 (N.D. Cal. 2009)   16

14

*In re GlenFed Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994)                    9, 15

15

*In re Valence Technology Securities Litigation*, 1995 WL 274343 (N.D.Cal. 1995)     10

16

17

*Inter-County Resources, Inc. v. Medical Resources, Inc.*, 49 F.Supp.2d 682 (S.D.N.Y. 1999) 14

18

*Koepke v. Loo*, 18 Cal. App. 4th 1444 (1993)                                    22

19

*Majd v. Bank of Am., N.A.*, 243 Cal.App.4th 1293 (2015)                         8, 20

20

*Morgan v. AT & T Wireless Services, Inc.*, 177 Cal.App.4th 1235 (2009)           8, 19

21

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001)                                  9

22

*Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn.*, 205 Cal. App. 3d 1415 (1988)   21

23

*Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598 (9th Cir. 2014)         15

24

*Paskenta Band v. Crosby*, 122 F.Supp.3d 982 (E.D.Cal. 2015)                     22

25

*Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105 (2014)       8

26

*Small v. Fritz Companies, Inc.*, 30 Cal.4th 167 (2003)                          8, 19

27

*TSC Ind., Inc. v. Northway, Inc.*, 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976)   7, 18

28

## TABLE OF AUTHORITIES (Continued)

**Cases**                                                      **Page**

*Turpin v. Sortini*, 31 Cal. 3d 220 (1982)                        20

*Werner v. Knoll*, 89 Cal.App.2d 474 (1948)                       21

**Statutes**                                                   **Page**

California Civil Code §1668                                        21

California Corporations Code §25401                             8, 19

17 CFR 240.10b-5                                                6, 16

FRCP 12(b)                                                    *passim*

The Securities Act of 1933                                    *passim*

The Securities Exchange Act of 1934                           *passim*

15 U.S.C. §§78a *et seq*.                                         14

15 U.S.C. §1331                                                   19

28 U.S.C. §1658(b)                                             7, 16

**Statutes**                                                   **Page**

Witkin, California Evidence, §224, Page 251                       10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Defendants must bring *another* Motion to Dismiss because the Plaintiffs failed to cure the deficiencies that plagued both their original Complaint and First Amended Complaint ("FAC"). By way of background, at the hearing on Defendants' Motion to Dismiss the original Complaint, Hon. Vince Chhabria chastised Plaintiffs' counsel, stating on the record that the Complaint was "**borderline sanctionable**," and counsel was "**wasting everybody's time and money**."  While Judge Chhabria granted leave to amend, he warned that counsel had exhibited a "**blasé attitude**" and should he "**press ahead despite obvious problems in the complaint, you're going to get sanctioned**."  Judge Chhabria concluded that "**if you want to be in federal court, you have to know how to plead a claim in federal court**."  Declaration of Christopher Mader, Esq. ("Mader Decl."), **Exhibit 1**.

In their second attempt, Plaintiffs again failed to properly plead any claim.  Plaintiffs' FAC perpetuated the same pleading defects and substandard effort exhibited in their original Complaint. Hon. Araceli Martínez-Olguín granted Defendant's Motion to Dismiss the FAC without even holding a hearing.  (ECF 52.)

Plaintiffs' third and current attempt is another blunderbuss of boilerplate cut-and-paste, and fares no better than their first two attempts.  **The only difference between the FAC and the SAC is the addition of 7 new paragraphs**.  That is, in response to again being granted leave to amend, Plaintiffs filed the same Complaint, only adding ¶¶53-56, 68, 71 and 89.  Mader Decl., **Exhibit 2**.

Those 7 new paragraphs have absolutely nothing to do with three of the four federal Causes of Action, Violation of §12(a)(2) of the Securities Act of 1933; Violation of §15 of the Securities Act of 1933; and, Declaratory Judgment Pursuant to §29(b) of the Securities Exchange Act of 1934.  Because these three Causes of Action were previously dismissed with leave to amend, but have not been changed, it is difficult to see how they survive this Motion to Dismiss.

The 7 new paragraphs relate to one of the Plaintiffs' federal Causes of Action, Violation of §10(b)(5) of the Securities Exchange Act of 1934, but they are not enough to salvage that claim. The new misrepresentations and omissions alleged by the Plaintiffs in those 7 new paragraphs: (1) are barred by the statute of limitations; (2) occurred long after the private placement transactions at issue; and/or, (3) have nothing to do with the Profit Sharing Agreements at issue.

In addition, regarding *all* of the alleged misrepresentations and omissions in the SAC, Plaintiffs fail to allege the materiality of any such misrepresentation or omission, or a nexus between any such misrepresentation or omission and their alleged damages.  Plaintiffs also fail to identify any specific alleged omission connected to a duty to disclose such information.

Without the necessary alleged facts, the SAC fails to meet the standards imposed by the FRCP, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), U.S. Supreme Court and Ninth Circuit precedent.  Like their Motion to Dismiss the original Complaint and Motion to Dismiss the FAC, the Defendants' Motion to Dismiss the SAC should be granted.

## II.   FACTS

Defendant SAC Advisory Group, LLC is a California limited liability company based in Pleasant Hill, California.  Defendants Jeffrey Spiegel and Ryan Spiegel, who are father and son, co-founded SAC Advisory Group, LLC and are the company's co-Managers.  Declaration of Jeffrey Spiegel ("Spiegel Decl.").

Jeffrey Spiegel also founded Defendant Spiegel Accountancy Corporation, a Pleasant Hill accounting firm.  Other than providing basic tax accounting services to SAC Advisory Group, LLC, Spiegel Accountancy Corporation has no connection to the company.  Spiegel Decl.

/ / /

/ / /

/ / /

**A.      Plaintiffs are Accredited Investors Contractually Obligated to Conduct their Own Due Diligence**

Plaintiffs are five institutional Accredited Investors and one individual Accredited Investor.[1] Each Plaintiff entered a Profit Sharing Agreement with SAC Advisory Group, LLC, whereby each Plaintiff partnered with SAC Advisory Group, LLC to jointly invest in third-party, 1inMM Capital, LLC ("1inMM").  SAC, Exhibit A.  Each Plaintiff specifically represented and warranted in their respective Profit Sharing Agreement that they are an Accredited Investor:

> "**4.2 <u>Accredited Investor; Economic Risk</u>.  He or she represents that he or she is an Accredited Investor (as defined in Rule 501(a) of Regulation D of the Securities Act of 1933) and/or is financially able to bear the economic risk of paying the Investment Amount, including the total loss thereof.**" SAC, Exhibit A.

Each Plaintiff also represented and warranted in their respective Profit Sharing Agreement that as institutional investors they were "capable of evaluating the risks and merits" of the venture:

> "**4.1 . . . He or she acknowledges that . . . he or she is capable of evaluating the risks and merits of paying the Investment Amount and of protecting his or her own interests in connection with such investment**." SAC, Exhibit A.

In other words, Plaintiffs agreed to conduct their own due diligence.   Moreover, each institutional Accredited Investor Plaintiff waived non-fraud based, non-statutory claims in their respective Profit Sharing Agreement:

> "**3.1 . . . Investor irrevocably waives any and all claims against SAC in the event Investor . . . realizes a complete loss of the Investment Amount.**"  SAC, Exhibit A.

---

[1]      The term "Accredited Investor" refers to high net worth and financially sophisticated investors who have little need for the protection provided by regulatory disclosure filings. The Securities and Exchange Commission defines the term in Rule 501 of Regulation D of The Securities Act of 1933, as follows:

   (1)      an individual with gross income exceeding $200,000, or joint income with a spouse or partner exceeding $300,000, in each of the two most recent years;

   (2)      a person with individual net worth, or joint net worth with their spouse or partner exceeding $1,000,000, excluding primary residence; or

   (3)      a business entity with assets exceeding $5 million, or whose equity owners are Accredited Investors.

**B.      Plaintiffs and SAC Advisory Group, LLC Jointly Invested in 1inMM**

1inMM raised over $690 Million from investors throughout the United States.  SAC ¶19; and, Request for Judicial Notice ("RJN"), **Exhibit 3**.  In April 2021, the Securities and Exchange Commission ("Commission") filed a securities fraud complaint against 1inMM and its founder, Zachary Horwitz.  SAC ¶92; and, RJN, **Exhibit 3**.  According to the Commission, Mr. Horwitz represented to investors that 1inMM was engaged in the business of acquiring and licensing the distribution rights for films, primarily for the Latin American marker, to major media companies including Netflix and HBO. Mr. Horwitz distributed to investors sophisticated documents substantiating his purported deals with Netflix and HBO, including film distribution agreements.

In reality, Mr. Horwitz and 1inMM had no relationship with either Netflix or HBO, and never licensed any movie rights to either company.  Mr. Horwitz misappropriated investor funds to pay putative returns on earlier investments, a class Ponzi scheme.  Mr. Horwitz defrauded several prominent investment funds, including but not limited to JJMT Capital, LLC ($490 Million), Movie Fund, LLC ($80 Million), Vausse Films ($21 Million) and Pure Health Enterprises, Inc. ($20.4 Million).  RJN, **Exhibit 3**.  In April 2021, the U.S. Attorney's Office filed a criminal complaint against Mr. Horwitz, who plead guilty to the charges and was sentenced in February 2022 to serve 240 month prison sentence and pay $230 Million in restitution to the victims of his scheme. RJN, **Exhibit 4** and **Exhibit 5**.

Plaintiffs allege that they lost funds in connection with Mr. Horwitz's fraudulent scheme, and seek to recover those losses from SAC Advisory Group, LLC, their venture partner in 1inMM. Plaintiffs also seek to recover their alleged losses in Mr. Horwitz's fraudulent scheme from Spiegel Accountancy Corporation, who performed basic tax services for SAC Advisory Group, LLC, and Jeffrey Spiegel and Ryan Spiegel, the co-Managers of SAC Advisory Group, LLC.

/ / /

III.  **SUMMARY OF ARGUMENT**

A.      **Section 12(a)(2) of The Securities Act of 1933**

The Court dismissed Plaintiffs' Cause of Action for Violation of Section 12(a)(2) of the Securities Act of 1933 as alleged in the FAC, yet the SAC is identical to the FAC in regard to this claim.  This Cause of Action should be dismissed on this basis alone.

Plaintiffs inexplicably continue to ignore clear U.S. Supreme Court precedent that Section 12(a)(2) does not apply to private placements.  *Gustafson v. Alloyd Co*., 513 U.S. 561, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995).  It is axiomatic that a limited offering to six Accredited Investors, five of which are institutional investors, is by its own terms a private, rather than public offering.  Because Plaintiffs fail to make a *prima facie* showing that the Defendants violated §12(a)(2) of The 1933 Act, this claim must be dismissed under FRCP 12(b)(6).

B.      **Section 15 of The Securities Act of 1933**

The Court dismissed Plaintiff's Cause of Action for Violation of Section 15 of the Securities Act of 1933 (so-called "control person" liability against Jeffrey Spiegel, Ryan Spiegel and Spiegel Accountancy for SAC Advisory Group, LLC's alleged Section 12(a)(2) violation) as alleged in the FAC.  Yet the SAC is identical to the FAC in regard to this claim.  This Cause of Action should be dismissed on this basis alone.

Because Plaintiffs' Section 12(a)(2) claim must be dismissed, the derivative Section 15 control person liability claim must also be dismissed under FRCP 12(b)(6).

C.      **Declaratory Judgment Under §29(b) of the Securities Exchange Act of 1934**

Again, the Court dismissed Plaintiffs' Cause of Action for Declaratory Judgment Pursuant to Section 29(b) of the Securities Exchange Act of 1934 as alleged in the FAC, yet the SAC is identical to the FAC in regard to this claim. This Cause of Action should be dismissed on this basis alone.

/ / /

Plaintiffs again incorrectly allege that under Section 29(b) of the 1934 Act, they are entitled to rescind the Profit Sharing Agreements because the agreements include two terms that allegedly "seek to waive compliance with the antifraud and civil liability provisions of the Securities Exchange Acts of 1933 and 1934." SAC ¶170. As explained herein, while Section 29(b) does make voidable every contract "made in violation of" federal securities law, "the performance of which involves [such a] violation," federal courts take very narrow views of these phrases. *Berckeley Investment Group, Ltd. v. Colkitt*, 455 F.3d 195, 206 (3rd Cir. 2009), cited with approval in *Drulias v. Guthrie*, 2019 WL 13240415 (C.D. Cal. 2019). This claim must be dismissed because the Plaintiffs fail to allege, as required, "a direct relationship between the violation at issue and the performance of the contract; i.e., the violation must be 'inseparable from the performance of the contract' rather than 'collateral or tangential to the contract.'" *Berckeley* at 205. A contract can be voided under Section 29(b) only where the "agreement cannot be performed without violating the securities laws." *Id.* at 206. Because Plaintiffs fail to make a *prima facie* showing that they are entitled to rescission under §29(b) of the 1934 Act, this claim must be dismissed under FRCP 12(b)(6).

**D.      Section 10(b)5 of The Securities Exchange Act of 1934**

Plaintiffs' *second* attempt to allege a Cause of Action for Violation of §10(b)5 of the Securities Exchange Act of 1934 is equally deficient as their first try.

Plaintiffs again rely upon proscribed "group" allegations, lumping together as a group "the Defendants" and "the Plaintiffs." *Comwest, Inc. v. Am. Op. Servs., Inc.*, 765 F.Supp. 1467, 1471 (C.D.Cal. 1991). Plaintiffs fail to identify, as required, *which* Defendants allegedly made the supposed offending statements to *which* Plaintiff.

Plaintiffs also rely upon alleged misrepresentations which occurred *after* Plaintiffs made their investments. These alleged misrepresentations cannot support a 10(b)5 claim because they were not made "in connection with the purchase or sale of any security." 17 C.F.R. 240.10b-5.

Plaintiffs also rely upon alleged misrepresentations that cannot support a 10(b)5 claim because they are barred by the applicable five-year statute of repose.  ". . . [A] private right of action that involves a claim of fraud, deceit, . . . in contravention of a regulatory requirement concerning the securities laws, . . . may be brought not later than . . . 5 years after such violation." 28 U.S.C. §1658(b).  Many of the Plaintiffs' alleged misrepresentations occurred more than five years *before* the Plaintiffs first alleged a 10(b)5 claim, and thus <u>cannot</u> support this claim.

Plaintiffs also rely on alleged misrepresentations that have nothing to do with the Profit Sharing Agreements at issue, but rather concern potential investments in third-parties SAC Movie Fund One, LLC ("Movie Fund"), Fortune Film Fund One, LLC ("FF1") and Fortune Film Fund Two, LLC ("FF2").  Notably, Plaintiffs admit in the SAC that the Defendants made "various offering of investments in 1inMM" separate and distinct from the Profit Sharing Agreements (*i.e.*, Movie Fund, FF1 and FF2).  These alleged misrepresentations occurred in spring 2017 or spring 2018 (when Movie Fund, FF1 and FF2 were getting underway), and are ambiguous because they do not relate to the subject Profit Sharing Agreements, which the Plaintiffs entered over one year later in June 2019.

Additionally, many of the alleged misrepresentations are couched in language of negligence, which cannot support a 10(b)5 violation.

Finally, Plaintiffs fail to make the allegations showing that any alleged representations were "material," required per the U.S. Supreme Court decision *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976), <u>and</u> fail to make the allegations showing "loss causation," required per the U.S. Supreme Court decision *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 341-42, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005).

Because Plaintiffs fail to make a *prima facie* showing that the Defendants violated §10(b)(5) of the 1934 Act, this Cause of Action must be dismissed under FRCP 12(b)(6).

**E.     The State Law Fraud Claims – California Corporations Code §25401 and Negligent Misrepresentation**

Under California law, claims sounding in fraud must be plead with particularity and specificity rather than general or conclusory allegations. *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 184 (2003). This particularity requirement necessitates pleading facts which show how, when, where, to whom, and by what means the representations were made. *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235, 1261-1262 (2009). Plaintiffs fail to plead specific factual allegations showing "how, when, where, to whom, and by what means" the alleged fraudulent representations or misrepresentations were made.

Further, to adequately plead Negligent Misrepresentation, the plaintiff must allege facts showing that the defendant intended to induce reliance on the fact misrepresented. *Majd v. Bank of Am., N.A.,* 243 Cal. App. 4th 1293, 1307 (2015), *as modified* (negligent misrepresentation claim requires a showing that "the defendant intended to deceive the plaintiff"). Plaintiffs fail to do so here. Both of the Plaintiffs' state law fraud claims must be dismissed under FRCP 12(b)(6).

**F.     Accounting Malpractice**

Plaintiffs fail to make a *prima facia* showing that Spiegel Accountancy Corporation had any connection whatsoever to the Profit Sharing Agreements. As such, their Accounting Malpractice claim must be dismissed under FRCP 12(b)(6).

**G.     Unjust Enrichment**

The theory of unjust enrichment requires one who acquires a benefit which may not be justly retained to return either the thing or its equivalent to the aggrieved party. *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132 (2014). Plaintiffs fail to make a *prima facie* showing that the Defendants were unjustly enriched, as they fail to plead factual allegations indicating that a benefit was conferred to Defendants, or that Defendants were "unjustly" enriched. As such, Plaintiffs' Unjust Enrichment claim must be dismissed under FRCP 12(b)(6).

## IV. LEGAL STANDARD

### A. Motion to Dismiss Under FRCP 12(b)(6)

Under the Federal Rules of Civil Procedure a party may assert a defense by motion for failure to state a claim upon which relief can be granted. FRCP 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 687, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2006).

A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff must establish "more than sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possible and plausibility of 'entitlement to relief.'" *Id*. An entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. *Twombly* at 555. "[L]egal conclusion[s] couched as…factual allegations[s]" and "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements" need not be presumed true for the purposes of a motion to dismiss. *Iqbal* at 678.

### B. Pleading Standards for Fraud Claims Under FRCP Rule 9(b)

FRCP Rule 9(b) requires that "the circumstances constituting fraud" be "stated with particularity." To satisfy the particularity requirement, the fraud allegations *must* state "[t]he time, place, and content of an alleged misrepresentation," and "set forth an explanation as to why the statement or omission complained of was false or misleading." *In re GlenFed Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.    ARGUMENT

### A.    Plaintiffs' Cause of Action for Violation of §12(a)(2) of The Securities Act of 1933 Must be Dismissed for the Same Reasons it was Previously Dismissed

Plaintiffs' *third* attempt to allege a Cause of Action for Violation of Section 12(a)(2) of the Securities Act of 1933 again misses the mark.  First, it cannot be overemphasized that the Court dismissed this Cause of Action as alleged in the FAC, yet the SAC is identical to the FAC vis-à-vis this claim.  Plaintiffs' Section 12(a)(2) claim should be dismissed on this basis alone.

Second, Plaintiffs inexplicably continue to ignore clear U.S. Supreme Court precedent that Section 12(a)(2) does not apply to private placements.  *Gustafson*, *supra*..  The decision in *Gustafson* holding that Section 12(a)(2) does not apply to private transactions has been confirmed by several courts, including the Northern District of California.  *In re Valence Technology Securities Litigation*, 1995 WL 274343 (N.D. Cal. 1995), f/n 15 ("The Court in *Gustafson* held that §12(2) does not apply to private placement transactions.")  It is axiomatic that a limited offering to six Accredited Investors, five of which are institutional investors, is by its own terms a private, rather than public offering.  The subject Profit Sharing Agreements are a textbook private placement.  In fact, the Plaintiffs already admitted three times that the subject Profit Sharing Agreements are private placements:

". . . [T]he unregistered securities at issue in this case are not 'covered securities' within the meaning of National Securities Market Improvement Act of 1996 (NMSIA), 15 U.S.C. § 77r(b), . . . The securities were not issued by a nationally registered investment company nor was it designated for trading in a national securities exchange."  Complaint ¶27.  (ECF 1).

"Placement agents such as SAC who sell private placements . . ."  Complaint ¶81.  (ECF 1).

"A placement agent, or at least a party acting in that role such as SAC, is required to perform reasonable due diligence on a private placement . . ."  Complaint ¶84.  (ECF 1).

A judicial admission in a pleading by affirmative allegation is "a conclusive concession of the truth of a matter which has the effect of removing it from the issues." Witkin, California Evidence, §224, Page 251.

Plaintiffs' Section 12(a)(2) claim must be dismissed under FRCP 12(b)(6) because of the Plaintiffs' binding judicial admissions in their original Complaint that the Profit Sharing Agreements are in fact private placements.[2]

**B.    Plaintiffs' Cause of Action for Violation of §15 of The Securities Act of 1933 Must be Dismissed for the Same Reasons it was Previously Dismissed**

Plaintiffs' *third* attempt to allege a Cause of Action for Violation of Section 15 of the Securities Act of 1933 – so-called "control person" liability against Jeffrey Spiegel, Ryan Spiegel and Spiegel Accountancy Corporation for SAC Advisory Group, LLC's alleged violation of Section 12(a)(2) – fails as a matter of law.  First, the Court dismissed this Cause of Action as alleged in the FAC, yet the SAC is identical to the FAC in connection with this claim.  Plaintiffs' Section 15 claim should be dismissed on this basis alone.

Second, as was explained in the Defendants' Motions to Dismiss both the original Complaint and FAC, Section 15 control person liability is derivative of liability for an alleged primary violation of Section 12(a)(2).  Because Plaintiffs' Section 12(a)(2) claim must be dismissed, the derivative Section 15 control person liability claim must also be dismissed under FRCP 12(b)(6).

**C.    Plaintiffs' Cause of Action for Declaratory Judgment Under §29(b) of The 1934 Act Must be Dismissed for the Same Reason it Was Previously Dismissed**

Plaintiffs' *third* attempt to allege a Cause of Action for Declaratory Judgment under §29(b) of the Securities Exchange Act of 1934 is equally deficient as their first two attempts.  Again, the Court dismissed this Cause of Action as alleged in the FAC, yet the SAC is identical to the FAC vis-à-vis this claim. This Cause of Action should be dismissed on this basis alone.

/ / /

---

[2]    Regarding Plaintiffs' allegation that they did not have "access" to the type of information normally provided in a prospectus in a registration statement filed on SEC Form S-1 (SAC ¶155), there is no disclosure requirement in a private placement limited to Accredited Investors, and particularly the case here where five of the six Accredited Investors are institutional investors.

Plaintiffs again wrongly argue that under §29(b) of the Securities Exchange Act of 1934, they are entitled to rescind the Profit Sharing Agreements because the agreements include terms that allegedly "seek to waive compliance with the antifraud and civil liability provisions of the Securities Exchange Acts of 1933 and 1934."  SAC ¶170.  Specifically, the Profit Sharing Agreements include the following terms, which are typical in all private placements involving Accredited Investors such as the Plaintiffs:

> "Investor irrevocably waives any and all claims against SAC [Advisory Group, LLC] in the event Investor receives less than the Preferred Return or realizes a complete loss of the Investment Amount in connection with the payment of the Investment Amount hereunder."

> "He or she acknowledges that in connection with paying the Investment Amount no oral or written representations have been made by SAC [Advisory Group, LLC], its manager or any officer, employee, agent other than representations made in this Agreement."  SAC, Exhibit A at Sections 3.1 and 4.4.

Plaintiffs again incorrectly argue that §29(b) permits full rescission of the agreement based upon the mere presence of those terms.  While it is technically correct that Section 29(b) renders voidable every contract "made in violation of" federal securities law, "the performance of which involves [such a] violation," federal courts narrowly view the phrases "made in violation of" and "the performance of which involves the violation of" federal securities law.  *Berckeley*, *supra* at 206, cited with approval by the Central District of California in *Drulias*, *supra*.

An agreement can be voided under §29(b) only where the "**agreement cannot be performed without violating the securities laws**."  *Berckeley* at 206.  *Emphasis added.*  Plaintiffs must demonstrate "**a direct relationship between the violation at issue and the performance of the contract**; i.e., the violation must be 'inseparable from the performance of the contract' rather than 'collateral or tangential to the contract.'"  *Berckeley* at 205, citing *GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 201 (3rd Cir. 2001).  *Emphasis added.*

/ / /

In other words, there must be a nexus between the alleged securities violation and the contract, which nexus must be closer than a simple allegation that a securities violation was committed in the course of a contract. *Drulias*, *supra* at *7.

The two terms cited by the Plaintiffs do not directly violate federal securities law.  But even if those two terms did violate federal securities law, they are not "**inseparable**" from the parties' agreement.  See *Berckeley* at 205, citing *GFL Advantage*, *supra* at 201.  As explained in *Berckeley*, an agreement is subject to rescission under §29(b) *only if* it cannot be performed without violating the securities laws.  That clearly is not the situation here, where the two terms are incidental to the performance of the parties' agreement.

The breadth of liability alleged by Plaintiffs – that any violation of securities law permits rescission of the agreement – is contrary to securities law.  Again, the test is whether the alleged securities violations are 'inseparable' from the underlying agreement between the parties." *Berckeley* at 205.  And even if the Plaintiffs were able to state a claim for rescission under §29(b), a claim would only exist as to the counter-party to the Profit Sharing Agreements, SAC Advisory Group, LLC, and *not* Jeffrey Spiegel, Ryan Spiegel or Spiegel Accountancy Corporation, who were not parties to the agreements.

Because Plaintiffs fail to make a *prima facie* showing that they are entitled to rescission under §29(b) of the 1934 Act, this Cause of Action must be dismissed under FRCP 12(b)(6).

### D.    Plaintiffs' Cause of Action for Violation of §10(b)5 of The 1934 Act Must be Dismissed for the Same Reason it Was Previously Dismissed

Plaintiffs' *second* attempt to assert a §10(b)(5) claim is equally deficient as their first attempt.  Rule 10b-5 of The 1934 Act makes it unlawful:

"(a) to employ any device, scheme, or artifice to defraud, (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements not misleading, or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or decide upon any person, in connection with the purchase or sale of any security." 17 C.F.R. 240.10b-5.

Under the PSLRA, Plaintiffs are required, but fail, to specify each statement they allege to be misleading, and the reason why the statement is misleading.  Per the PSLRA:

". . . in any private action in which the plaintiff alleges that defendant (a) made an untrue statement or material fact; or (b) omitted to state a material fact necessary in order to make the statements made…not misleading" the "complaint shall specify (1) each statement alleged to have been misleading, (2) the reason or reasons why the statement is misleading, and (3) if the allegation regarding the statement or omission is made on information and belief, state with particularity all facts on which that belief is formed." 15 U.S.C. §78u-4(b)(1)(A) and (B).

The elements of falsity, scienter, and loss causation all must be pleaded with particularity.  *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc*., 774 F.3d 598, 605 (9th Cir. 2014).  Section 78u-4 of Title 15, entitled "Private securities litigation," consists of three subsections: subsection (a) entitled "Private class actions"; subsection (b) entitled "Requirements for securities fraud actions"; and subsection (c) entitled "Sanctions for abusive litigation."  Subsections (b) and (c) apply to by their terms to "any private action arising under this title [15 U.S.C. §§78a et seq.]," and not just to "any private class action arising under this title."  This understanding of the PSLRA is shared by appellate and district courts nationwide.  See e.g., *Inter-County Resources, Inc. v. Medical Resources, Inc*., 49 F.Supp.2d 682, 684 (S.D.N.Y. 1999) ("[T]here is no question that [the PSLRA] extends to all 10b-5 claims, and not merely to class actions.").  Therefore, the pleading requirements of the PSLRA apply to non-class actions.

Even prior to enactment of the PSLRA, securities fraud claims were subject to heightened pleading requirements under FRCP 9(b), which requires a party alleging fraud or mistake to state with particularity the circumstances constituting fraud or mistake.  However, the PSLRA imposes additional pleading requirements, beyond those imposed by FRCP 9(b), and adopts a version of the Second Circuit's strong inference of scienter requirement for fraud claims brought under The 1934 Act. 15 U.S.C. § 78u-4(b). Thus, in any action requiring proof that the defendant acted with a particular state of mind, the complaint must allege, with particularity, facts that give rise to a strong inference that defendant acted with the required state of mind.  15 U.S.C. § 78u-4(b)(2).

Plaintiffs fail to plead with particularity the allegedly false and/or misleading statements. Rather, the majority of the Plaintiffs' alleged misrepresentations are conclusory statements. For instance, Plaintiffs allege as follows:

> "Defendants individually and in concert used directly and indirectly the means and instrumentalities of interstate commerce, the mails and/or interstate wires in connection with their scheme to defraud and manipulate as set forth above." SAC ¶139.

> "Defendants each employed devices, schemes, and artifices to defraud, made untrue statements of material fact, and omitted material facts necessary to make their statements not misleading, and engaged in acts, practices and a course of business that operated as a fraud and deceit upon the Plaintiffs." SAC ¶141.

> "The Spiegels and SAC acted with intent to deceive, manipulate and defraud the Plaintiffs. The Spiegels and SAC acted with actual knowledge, or at a minimum severe recklessness, that the omissions and statements referenced herein were false and misleading, and that the failure to disclose material facts and make accurate representations as to their actual and intended plans and trading induced Plaintiff to do business with SAC and participate in its funding of 1inMM." SAC ¶144.

Not only are the foregoing allegations (which are identical to the allegations in the FAC) mere "threadbare recitals of the elements" "supported by merely conclusory statements" prohibited by the Supreme Court in *Iqbal*, but they fail to satisfy the particularity requirement of FRCP 9(b) and the PSLRA. The allegations fail to state: "[t]he time, place, and content of an alleged misrepresentation," and "set forth an explanation as to why the statement or omission complained of was false or misleading." *GlenFed*, *supra* at 1547-48.

Plaintiffs also make prohibited "group" allegations, inappropriately lumping the Defendants and Plaintiffs together. *Comwest*, *supra* at 1471. For example, Plaintiffs allege as follows:

> "Jeff, Ryan, and SAC told investors at conferences and symposiums and Plaintiffs by phone and email that 1inMM had a letter of intent to sell each movie with a distributor before the movie rights were purchased." SAC ¶68 i.[3]

---

[3]   See also, SAC ¶68 n. ("Ryan told investors via email their 'investment was safe' . . .) and SAC ¶71 m. ("Ryan still told investors their money was safe . . ..") Not only is the "when" of these alleged misrepresentations not specified, but the "to whom" is omitted. These allegations lack the required specificity to support a 10(b)5 claim.

Other alleged misrepresentations were made *after* the Plaintiffs entered the Profit Sharing Agreements, and thus cannot support a 10(b)5 claim as they were not made "in connection with the offer and sale of the security" as required.  17 C.F.R. 240.10b-5.  The alleged misrepresentations recited at SAC ¶¶68 m., n., p.-r., 89 were allegedly made in 2021, *after* the Plaintiffs' final investments in January 2020 (as alleged at SAC ¶126-132).

Other alleged misrepresentations cannot support a 10(b)5 claim because they are barred by applicable five-year statute of repose.  28 U.S.C. §1658(b).  The application of the statute of repose is applied mechanically:  "The five-year statute of repose period may not be tolled and it begins to run on the date of the false representation." *In re Brocade Communications Systems, Inc. Derivative Litigation*, 615 F.Supp.2d 1018, 1035 (N.D. Cal. 2009).  The alleged misrepresentations recited at SAC ¶¶53, 54, 62, 65, 68 a.-e., g. l. occurred *prior* to April 26, 2018, more than five years *before* the Plaintiffs first alleged a 10(b)5 claim on April 26, 2023.

Other alleged misrepresentations **have nothing to do with the investments at issue**.  Specifically, the alleged misrepresentations recited at SAC ¶¶53, 54, 62, 65, 66, 68 a.-i., l. occurred in **spring 2017** or **spring 2018**, and concern potential investments in third-parties Movie Fund, FF1 and/or FF2, which had been launched and were getting underway during **spring 2017** and **spring 2018**.  RJN, **Exhibit 6**.[4]

---

[4]   At SAC ¶134, Plaintiffs refer to another matter in the Northern District of California, *Jocelyn Carter v. Jeffrey Spiegel, et al*., Case No. 21-CV-03990-TSH, wherein Plaintiffs' counsel represents Plaintiff Carter.  In the *Carter* Complaint, the Plaintiff alleges the following:

"49.    In or about March of 2017, SAC Movie Fund One, LLC was created by Defendants for the purpose of selling investment into 1inMM.

50.    In or about October 2017, Defendants created Fortune Film Fund One, LLC for the sole purpose of selling investment into 1inMM.

51.    In or about February 2018, Defendants created Fortune Film Fund Two, LLC for the sole purpose of selling investment into 1inMM."

In fact, the Plaintiffs admit that Defendants made "various offering of investments in 1inMM" **separate and distinct from the subject Profit Sharing Agreements** (SAC ¶¶58, 67), and specifically reference FF1.  SAC ¶56.  It was not until over one year later, in June 2019 for some of the Plaintiffs and September 2019 for others, that each Plaintiff first invested in an entirely different venture, the subject Profit Sharing Agreements.  SAC ¶¶126-132.  Critically, the Profit Sharing Agreements were structured entirely differently than Movie Fund, FF1 and FF2, the so-called other "various offering of investments in 1inMM."  FF1 and FF2 were private funds managed by SAC Advisory Group, LLC with many member investors, whereas the subject Profit Sharing Agreements were in the nature of joint venture agreements with a single investor, requiring a far larger capital commitment than FF1 and FF2, and subject to an entirely different contract.  In all events, the aforementioned alleged misrepresentations which took place in spring 2017 or spring 2018 are ambiguous as they do not relate to the subject Profit Sharing Agreements entered *at least one year later* in June 2019 or September 2019.

Additionally, other alleged misrepresentations concerning the Defendants' alleged lack of "due diligence" are couched in language of negligence, which cannot support a 10(b)5 violation.  SAC ¶¶68 f. and 79.  In any event, the Plaintiffs are bound by their prior admissions that the *Defendants did in fact conduct due diligence*, and did in fact engage counsel to investigate 1inMM:

> "Defendants . . . limited their due diligence to asking Horwitz and Cole questions and reviewing documents provided by Horwitz and Cole." FAC ¶67 a.  (ECF 32).

> "SAC [Advisory Group, LLC] engaged an attorney named Brian Fraser ("Fraser") to draft documents and review contracts between SAC [Advisory Group, LLC] and 1inMM . . . and order[] a background check." FAC ¶67 b.  (ECF 32).

Thus, the Plaintiffs' allegations that Defendants falsely represented that they conducted due diligence, and falsely represented that they engaged professionals to do due diligence, are belied by their own prior admissions.

/ / /

Plaintiffs also fail to make the required allegations demonstrating that the alleged misrepresentations were "material," as required by the Supreme Court in *Northway*, *supra*. *Northway* concerned an allegedly misleading proxy statement. The Supreme Court held, among other things, that an omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote. The standard requires a showing of a substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of a reasonable shareholder. Put another way, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by reasonable investors as having significantly altered the "total mix" of information made available. The Supreme Court rejected the holding of the Seventh Circuit that material facts "include[] all facts which a reasonable investor might consider important," observing that "if the standard of materiality is unnecessarily low, not only may the corporation and its management be subjected to liability for insignificant omissions or misstatements, but also for fear of exposing itself to substantial liability may cause it simply to bury the shareholders in an avalanche of trivial information is hardly conducive to informed decision-making." *Northway* at 448-449. Here, Plaintiffs fail to allege, as required, facts demonstrating a substantial likelihood that the alleged misrepresentations and omissions would have assumed actual significance in their deliberations.

Finally, Plaintiffs fail to make the required factual allegations demonstrating "loss causation," as required by the Supreme Court in *Dura Pharmaceuticals*, *supra*. As stated in *Dura*, while FRCP Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," the "short and plain statement" must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura* at 337. The Court went on state that the defendant must be given notice of "what the causal connection might be between that loss and the misrepresentation," and "[a]llowing a plaintiff to forgo giving any indication of the economic loss and proximate cause would bring about the very sort of harm the securities

statutes seek to avoid, namely the abusive practice of filing lawsuits with only a faint hope that discovery might lead to some plausible cause of action." *Dura* at 347. The bottom line is that in order to have recoverable damages in a Rule 10b-5 claim, a plaintiff must allege loss causation, i.e. that the actionable misconduct was the cause of economic losses to the plaintiff. Plaintiffs' SAC is legally insufficient in this respect.

### E.   The Court Lacks Subject Matter Jurisdiction

Because each of the Plaintiffs' four federal claims must be dismissed under FRCP Rule 12(b)(6), there is no basis for federal question jurisdiction under 15 U.S.C. §1331 and the entire SAC must be dismissed for lack of subject matter jurisdiction under FRCP Rule 12(b)(1).

### F.   Plaintiffs' State Law Fraud Claims Must be Dismissed

California Corporations Code §25401 makes it unlawful for:

> ". . . a broker-dealer or other person selling or offering for sale or purchasing or offering to purchase the security, to make, for the purpose of inducing the purchase or sale of such security by others, any statement which was, at the time and in the light of the circumstances under which it was made, false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and which he knew or had reasonable ground to believe was so false or misleading."

Claims sounding fraud must be plead with particularity and specificity rather than general or conclusory allegations. *Small*, *supra* at 184. This particularity requirement necessitates pleading facts which show how, when, where, to whom, and by what means the representations were made. *Morgan*, *supra* at 1261-1262. Plaintiffs are required, but fail to specify with particularity each statement they allege to be false and the reason why each such statement was false.

Specifically, at SAC ¶139, 141, 144 the Plaintiffs fail to plead, as required under California law, specific factual allegations showing "how, when, where, to whom, and by what means" the alleged fraudulent representations or misrepresentations were made to them. Further, the alleged misrepresentations at SAC ¶¶53, 54, 62, 65, 66, 68 a.-i., l. are vague and ambiguous, as they have

nothing to do with the investments at issue, but rather concern other investment funds, Movie Fund FF1 and FF2, which are not a subject of this lawsuit.  Further, the alleged misrepresentations recited at SAC ¶68 p.-r., m., n. were made *after* each Plaintiff's final Profit Sharing Agreement in January 2020, and therefore are *not* in connection with "selling or offering for sale or purchasing or offering to purchase the security" as required under §25400.

Plaintiffs' "Negligent Misrepresentation" claim likewise must be dismissed.  Plaintiffs fail to allege misrepresentation of material fact, and fail to allege facts showing that any Defendant intended to induce reliance on the fact misrepresented.  *Majd*, *supra* (a negligent misrepresentation claim requires a showing that "the defendant intended to deceive the plaintiff").

### G.    Plaintiffs' Accounting Malpractice Claim Must Be Dismissed

The required elements for an Accounting Malpractice claim are:  ". . . (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence."  *Turpin v. Sortini*, 31 Cal. 3d 220, 229-30 (1982).

Plaintiffs fail to adequately plead the elements of an Accounting Malpractice claim.  First, Plaintiffs have failed to allege that Spiegel Accountancy Corporation owed them a duty vis-à-vis the Profit Sharing Agreements. That is, the Plaintiffs allege that they were "customers" of Spiegel Accountancy Corporation, who prepared their tax returns.  SAC ¶210.  But nowhere in the SAC do the Plaintiffs allege that Spiegel Accountancy Corporation owed them a duty *with respect to the Profit Sharing Agreements*.  Second, Plaintiffs have failed to allege that Spiegel Accountancy Corporation breached any purported duty owed vis-à-vis the Profit Sharing Agreements.  While the Plaintiffs cut and paste a hodgepodge of boilerplate rules, they fail to allege the nexus between those purported rules and Spiegel Accountancy Corporation's alleged breach of duty.  It appears that Plaintiffs are trying to allege a claim based upon some sort of conflict of interest.  But

Plaintiffs fail to address or plead exactly what the alleged conflict of interest was, or how providing basic tax services to both the Plaintiffs and SAC Advisory Group, LLC created a conflict of interest.   Moreover, each institutional Accredited Investor Plaintiff waived non-statutory, non-fraud based claims in their respective Profit Sharing Agreement:

> "**3.1 . . . Investor irrevocably waives any and all claims against SAC in the event Investor . . . realizes a complete loss of the Investment Amount.**"  SAC, Exhibit A.

The California Court of Appeal has specifically ruled that "contracts relieving individuals from the results of their own ordinary negligence are not invalid under [California Civil Code §1668] for contravening public policy." *Continental Airlines v. McDonnel Douglas*, 216 Cal. App. 3d 388, 403 (1989), citing *Werner v. Knoll*, 89 Cal. App. 2d 474, 475-477 (1948).

In all events, Plaintiffs fail to make a *prima facia* showing that Spiegel Accountancy Corporation had any connection whatsoever to the Profit Sharing Agreements.  Plaintiffs fail to allege exactly what Spiegel Accountancy allegedly did wrong, its role in the Profit Sharing Agreements and obligations related thereto, and exactly how Spiegel Accountancy Corporation acted negligently.

**H.      Plaintiffs' Unjust Enrichment Claim Must Be Dismissed**

The elements of an unjust enrichment claim are the receipt of a benefit and the unjust retention of the benefit at the expense of another.  *Peterson*, *supra*.  "Ordinarily, a plaintiff must show that a benefit was conferred on the defendant through mistake, fraud, coercion, or, request; otherwise, though there is enrichment, it is not unjust."  *Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn.*, 205 Cal. App. 3d 1415, 1422 (1988).  Here, Plaintiffs fail to make a *prima facie* showing that Defendants were unjustly enriched. Plaintiffs failed to plea factual allegations to indicate that a benefit was conferred to Defendants. Further, Plaintiff also failed to plea factual allegations to support their contention that Defendants were "unjustly" enriched.  Simply stated, the Plaintiffs fail to state a claim for which relief can be granted.

I.    **Plaintiffs' Claims Fail as a Matter of Law – Plaintiffs Have Not Adequately Alleged Causation**

Under California law, Mr. Horwitz's intentional criminal conduct is deemed the proximate cause of any of the Plaintiffs' alleged losses. *Koepke v. Loo*, 18 Cal. App. 4th 1444, 1449 (1993). There is no doubt that Mr. Horwitz engaged in criminal conduct, as he already has been sentenced to serve 240 months in federal prison and pay restitution in the amount of $230 Million to the victims of his scheme. RJN **Exhibit 5**. A third-party's criminal act is the proximate cause of a plaintiff's alleged damages. *Paskenta Band v. Crosby*, 122 F.Supp.3d 982 (E.D. Cal. 2015). A plaintiff can only establish that the defendant is the proximate cause of his damages by alleging and proving *specific facts* demonstrating that the third-party's fraud was foreseeable.

Here, the Plaintiffs have not alleged, and moreover cannot prove, *specific facts* demonstrating that Mr. Horwitz's fraud was foreseeable. Mr. Horwitz affirmatively falsified industry specific documents and financial statements in a highly sophisticated manner. RJN **Exhibit 3**. In particular, Mr. Horowitz created false bank statements (purportedly showing payments by film distributors related to 1inMM investments) and elaborate false e-mails (purportedly between Mr. Horwitz and movie industry executives related to 1inMM investments), which he provided to SAC and other investors. Such intentional conduct is the superseding proximate cause of the Plaintiffs' alleged damages.

VI.   **CONCLUSION**

Plaintiffs fail to make a *prima facia* showing for each of their causes of action. As a result, Plaintiffs fail to state any causes of action for which any relief can be granted. Therefore, Defendants respectfully request that this Court grant their Motion to Dismiss all of Plaintiffs' causes of action under FRCP Rule 12(b)(6) with prejudice.

/ / /

/ / /

1    Dated:  September 12, 2023                    BALDWIN MADER LAW GROUP

2

3                                          By:  _____

4                                               Patrick Baldwin, Esq.

5                                               Christopher Mader, Esq.
                                                *Attorneys for Defendants*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28