# EXHIBIT 2B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-cv-02927-CAS-PDx<br><br>**ORDER APPROVING SETTLEMENT WITH TYLER CROOKSTON AND FOR RELATED RELIEF** |

Upon consideration of the *Motion of Receiver Michele Vives for Order Approving Settlement with Tyler Crookston and for Related Relief*, dated May 26, 2023 (the "Motion"), the Court, having jurisdiction to hear and determine the Motion, has reviewed the Motion and accompanying memorandum of points and authorities in support thereof, considered the exhibits to the Motion, and concluded that all parties in interest have due and sufficient notice of the Motion; after due deliberation and consideration of the Motion, and there being good cause to grant the relief provided herein; it is, pursuant to the Court's power to supervise equity receiverships and all other powers in that behalf so enabling, hereby ORDERED:

1. The Motion is GRANTED. Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

2. Notice of the Motion, including the Published Notice, is sufficient under the circumstances and satisfies due process, and any further notice otherwise required by Local Rule 66-7 is waived.

3. The terms of the Settlement with Tyler Crookston memorialized in the Settlement Agreement are fair and equitable, including without limitation, the Bar Order, the Administrative Claims and the Settlement Disbursements, and are therefore APPROVED.

4. The Court hereby PERMANANTLY BARS, RESTRAINS and ENJOINS all persons and entities (except any governmental unit, as that term is defined by 11 U.S.C. § 101(27)), as well as their respective heirs, successors, assigns, officers, directors, representatives, agents and attorneys, from commencing or continuing any civil action, administrative proceeding, arbitration or other adversarial proceeding against Tyler Crookston, as well as his heirs, successors and assigns, asserting any claim or cause of action arising out of, in connection with or relating in any way to: (a) the 1inMM Ponzi Scheme; (b) acts or omissions relating to JJMT Capital, LLC; (c) acts or omissions relating to the 1inMM Ponzi Scheme or the 1inMM Defendants; (d) acts or omissions relating to any investment, loan or transfer of money to JJMT Capital, LLC or 1inMM Capital, LLC and/or repayment or lack of repayment by JJMT Capital, LLC or the 1inMM Defendants (in whatever form and however denominated, a "1inMM Claim"). All 1inMM Claims are hereby channeled into the Receivership Estate's claims distribution process that the Court will establish by separate order. *Provided, however,* this order does not bar, restrain or enjoin the Receiver from asserting a claim to avoid and recover a transfer to any of the persons and entities listed in paragraph 10 of the Settlement Agreement.

5. The Receiver is AUTHORIZED to take such further actions as may be necessary to consummate the transactions in the Settlement Agreement.

/ / /

/ / /

6. The Court retains exclusive jurisdiction to hear and determine any disputes arising out of or relating to the settlement approved by this order.

Dated: July 5, 2023

*Christina A. Snyder*
_____
United States District Judge