PATRICK BALDWIN, ESQ. (SBN 93337)
CHRISTOPHER MADER, ESQ. (SBN 199605)
BALDWIN MADER LAW GROUP
516 North Sepulveda Boulevard
Manhattan Beach, CA 90266
Phone: (310) 363-2031
*Attorneys for Defendants Spiegel Accountancy Corporation, Jeffrey Spiegel, Ryan Spiegel and SAC Advisory Group, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ELLUSIONIST CASH BALANCE PLAN AND TRUST, UYEN HUHYN, SOUTHWEST INVESTMENTS FUNDS, LLC, AVR GROUP, LLC, TRIDENT ASSET MANAGEMENT, INC. and PHOENIX AFFORDABLE HOUSING AUTHORITY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SPIEGEL ACCOUNTANCY CORP., JEFFREY SPIEGEL, RYAN SPIEGEL and SAC ADVISORY GROUP, LLC,<br><br>Defendants. | **CASE NO. 23-cv-00287-AMO**<br><br>**DEFENDANTS' REQUEST FOR LEAVE TO FILE OBJECTION TO PLAINTIFFS' CHART**<br><br>Judge:         Hon. Araceli Martínez-Olguín<br>Courtroom:  10<br><br>Action Filed:  January 19, 2023<br>Trial Date:     Not Set |

Defendants Spiegel Accountancy Corporation, Jeffrey Spiegel, Ryan Spiegel and SAC Advisory Group, LLC ("Defendants") hereby Request Leave to File Objection to the Chart filed by Plaintiffs Ellusionist Cash Balance Plan and Trust, *et al.* ("Plaintiffs") on February 13, 2024.  ECF 63.

Defendants filed their Motion to Dismiss the Plaintiffs' Second Amended Complaint ("SAC") on September 12, 2023. ECF 54. After Plaintiffs filed their Opposition and Defendants filed their Reply, the Court issued an Order on February 7, 2024 directing Plaintiffs to file a Chart setting forth, among other things, each alleged misrepresentation made by the Defendants, and the speaker and date of each alleged misrepresentation, with citations to the SAC. The Court Ordered that the Chart "**strictly track**" the allegations in the SAC. ECF 62.

The Plaintiffs filed the Chart on February 13, 2024, describing twenty-eight (28) alleged misrepresentations. ECF 63. Defendants hereby seek leave of the Court to file a detailed Objection to the Chart on the following bases:

(1) At least seven (7) of the alleged misrepresentations, clearly on their face, cannot support a 10(b)5 claim as they are barred by the five-year statute of repose. 28 U.S.C. §1658(b).

(2) At least seven (7) of the alleged misrepresentations, clearly on their face, were made *after* the Plaintiffs entered the Profit Sharing Agreements, and thus cannot support a 10(b)5 claim because they were not made "in connection with the offer and sale of the security." 17 C.F.R. 240.10b-5.

(3) At least sixteen (16) of the alleged misrepresentations, clearly on their face, have nothing to do with the investments at issue.

(4) At least three (3) of the alleged misrepresentations, as described in the Chart, include alleged facts which are not alleged in the SAC. That is, the Chart does not even come close to "strictly tracking" the SAC.

(5) At least thirteen (13) of the alleged misrepresentations, as described in the Chart, sound in negligence. Such negligence allegations cannot support a 10(b)5 claim.

Dated: February 14, 2024

BALDWIN MADER LAW GROUP

By: _____
Patrick Baldwin, Esq.
Christopher Mader, Esq.
*Attorneys for Defendants*
*Spiegel Accountancy Corporation,*
*Jeffrey Spiegel, Ryan Spiegel*
*and SAC Advisory Group, LLC*